By the Court.
 

 These two separate appeals are taken from a single order of the Board of Tax Appeals of Ohio fixing the true value of certain improvements or buildings (located on and permanently affixed to The American Steel & Wire Company’s land known as original lot No. 275, Harvard avenue, in the village of Cuyahoga Heights, county of Cuyahoga, Ohio, and original lot No. 285, Central Way, in the city of Cleveland, Ohio) in the sums of $710,400 and $1,509,600, respectively. The value of the land itself is not in question.
 

 Cause No. 28650 is an appeal on behalf of the Board of Revision of Cuyahoga county and John A. Zangerle, county auditor, and cause No. 28681 is an appeal of the property owner, The American Steel
 
 &
 
 Wire Company of New Jersey.
 

 The board of revision raises many questions. It first challenges the style of the case maintaining that there is no authority to make a deciding tribunal an adverse party in proceedings such as are involved here. It need only be said that no valid objection can be made to such a course. The proceeding is adversary and the parties appealing are denominated appellants and the adverse parties appellees. See Section 5611-2, G-eneral Code.
 

 The remaining questions raised by the board of revision may well be treated in a summary statement.
 

 It is the contention of the board of revision that the Board of Tax Appeals erroneously reduced the appraisal previously made in that, in deciding on this new valuation, it considered evidence “of the value of the enterprise operating on the real estate, cost of production, freight rates, plant integration, and many other highly prejudicial matters not concerned with nor
 
 *390
 
 admissible in such a valuation case, ’ ’ and further that the Board of Tax Appeals erroneously allowed the valuation fixed by the board without any evidence relating to the matter of uniformity with other taxed property.
 

 Under Section 2, Article XII of the Ohio Constitution, land and improvements thereon are required to be taxed by uniform rule according to value but not in excess of one per cent of their true value in money. Additional taxes, however, may be levied by vote of the electors or by authority of a charter provision of a municipality.
 

 Section 1464
 
 et seq.,
 
 General Code, relate to the powers and authority of the Board of Tax Appeals. Sections 5322, 5328, 5548, 5554, 5560, 5605, 5609 and 5610, General Code, make provision for the taxation of real property, for the valuation thereof for such purpose, for complaints against valuation and assessment, and for appeals from decisions of the board of revision to the Board of Tax Appeals. Such complaints may relate to the valuation of either the lands or improvements or both.
 

 The county auditor, under the statutes, assesses each separate tract and lot of real property at its true value in money and is required to note or state separately on his plat book the value of all buildings exceeding $100 in value. Neither the Constitution nor the statutes fix any method for the valuation of the property except that the Constitution requires that land and improvements thereon shall be taxed “by uniform rule according to value” and the statutes provide for separate listing of the land proper and the buildings thereon as heretofore stated at their true value (except that buildings which do not exceed the value specified are not required to be separately listed).
 

 It is suggested in the brief of the board of revision that there are three methods of valuing real estate,
 
 *391
 
 namely, (1) the reproduction cost less depreciation or “physical” method, (2) the comparative sales of similar property or “market value” method and (3) the “economic” or capitalized income method.
 

 With respect to these methods it should be observed that, while reproduction cost, depreciation, opinions as to market value, and income may be given proper consideration, true value is a question of fact to be determined by the taxing authorities. It does not appear from the record that the Board of Tax Appeals applied any particular method exclusively but merely determined the true value of the buildings on each parcel from all the evidence. This course was in conformity to law.
 

 A great deal is said by the board of revision about uniformity; but it should be remembered that the fixing of the true value of each lot or tract with improvements thereon is a separate proceeding and does not involve the consideration of all the parcels of land within a given area at the same time. When determinations as to the true value are reached by the taxing authorities as to each tract or lot of land and improvements thereon throughout a taxing district, though in separate inquiries or proceedings, taxation based upon valuations so fixed is essentially by uniform rule within the meaning of the Constitution and statutes. In other words if the true value of each parcel of real estate is fixed separately then there is such uniformity between all parcels as is required by law.
 

 Legal requirements are not satisfied by a uniform over-valuation or under-valuation in a particular taxing district or even in the whole state. Every owner of real property is entitled to have his land and the improvements thereon taxed at the true value in money so that the one per cent clause of the Constitution will operate justly as to him as well as other taxpayers and a uniform over-valuation or under-valuation of all real property and improvements thereon in a taxing
 
 *392
 
 district would be a violation of the constitutional provision.
 

 In determining the value of land or the improvements thereon all the facts and circumstances relating to the nature of the property, its- availability for the purpose for which it was constructed or for any other purpose for which it may be used, its obsolete character, if such it has, and every other factor that tends to prove the true value in money of the land and the improvements thereon, and evidence of facts occurring after as well as before the tax lien day of the year involved within reasonable limitations are admissible.
 

 The legal claims of the board of revision having been disposed of it is well to state the claims of the appellant, The American Steel & Wire Company, and then consider the factual aspect presented by the evidence.
 

 In cause No. 28681, the appellant, The American Steel
 
 &
 
 Wire Company, claims that the determination by the Board of Tax Appeals that the true value in money of the improvements in question was $2,220,000 “was excessive and unreasonable in the light of the uncontradicted evidence offered by the company showing that the property had lost its principal outlet for coke and gas, could not be operated at a profit, and that because of its age, obsolescence and inefficiency, as- well as the physical condition, its probable usable life was nearing an end,” and further that there was no evidence to support the value fixed for the improvements on both parcels of land or to support any value in excess of the amount the company claimed to be the true value in money.
 

 A lengthy recital of the facts is unnecessary. It is sufficient to say that on these properties The American Steel & Wire Company of New Jersey had established a coke works.
 

 The Board of Tax Appeals fixed a value of $2,-220,000 (as above indicated) on all improvements
 
 *393
 
 which consisted largely of coke ovens, as against $1,-277,510 claimed by the company and as against $2,-927,070, fixed by the board of revision (the county auditor had originally fixed $4,727,070). As is usual in cases involving valuation, the evidence took a wide range and the Board of Tax Appeals fixed the true value of the improvements at a point between the extremes in the evidence introduced by the parties.
 

 The board was vested with a wide discretion and was not bound absolutely by the opinions as to value given by the witnesses. After hearing all the evidence it was within the scope of the board’s authority to determine therefrom the true value in money of the improvements.
 

 The record discloses that the board on hearing conducted its investigation in a proper manner, exercised a sound discretion and entered an order that is neither unreasonable nor unlawful.
 

 The decision of the Board of Tax Appeals is therefore affirmed.
 

 Decisions affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.