Bv the Court.
 

 The question presented to this court by the appeal is whether the decision of the Board of Tax Appeals was “unreasonable” or “unlawful. ’ ’
 

 The price paid by the appellant is not a controlling factor in determining the assessed valuation of the property on the tax duplicate. While it is shown by
 
 *368
 
 ■the record that this sale was not a forced sale but one which was consummated after a general offering of the land to the public, this is but one of the factors to be considered. The valuation of these premises must necessarily bear some relation to valuations placed -on similar properties in the same locality, and the fact that appellant’s property has added value by reason of being a corner lot must also be given due •consideration.
 

 The valuation fixed by the Board of Tax Appeals resulted in a reduction of the valuation of the appellant’s land to approximately 48 per cent of its original appraised value. This new figure is in line with the appellant’s own evidence of the present true value of property in the same vicinity. It is apparent from the record that the Board of Tax Appeals gave due •consideration to all evidence affecting the valuation of appellant’s property. This court will not substitute its judgment for that of the Board of Tax Appeals, and we cannot conclude from the record in this case that the decision of the Board of Tax Appeals was “unreasonable” or “unlawful.” Its decision is therefore affirmed. ' ,
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.