Turner, J.,
 

 dissenting. I dissent for the reason that
 
 *261
 
 the record does not disclose that appellant’s real property has been discriminated against or that it was not valued for taxation by a uniform rule applicable to all real property of the same or similar kind in the same or similar neighborhood or that the valuation arrived at by the Board of Tax Appeals is either unlawful or unreasonable.
 

 I dissent also on the ground that the majority holding in this case creates a discrimination in favor of appellant and, therefore, violates the provision of Section 2, Article XII of the Constitution, which provides that “land and improvements thereon shall be taxed by uniform rule according to value. ’ ’
 

 I dissent on the further ground that the majority of this court has attempted to decide facts and to participate in the actual valuation rather than in prescribing the rules (law) by which the valuation was to be made. As an illustration of this ground I call attention to the following finding of this court as set forth in the majority opinion:
 

 “The record indicates that large areas of this theater, which were built for the purpose of vaudeville performances, and the elaborate public waiting rooms are no longer needed or used by the appellant. Due to necessary maintenance, they constitute more- of a liability than an asset to the appellant. These areas have become subject to what is known as functional depreciation. ’ ’
 

 The auditor’s expert testified:
 

 “I did bear in mind that there was a very large stage, with a very high fly loft above it, which is perhaps not essential to the theater as it exists today. I talked to the manager and inquired as to how many stage presentations per year they put on and got the information substantially as was given in testimony here. So all of these factors had to be considered, the remaining expectancy of useful life of the
 
 *262
 
 structure, its desirability as a theater, accrued obsolescence and arrived at a total depreciation of 30%. ”
 

 In its finding the Board of Tax Appeals said:
 

 ‘
 
 ‘
 
 The board is of .the opinion, after consulting many authorities, that a hard-and-fast rule or an arbitrary or fixed percentage of depreciation is not the proper method of fixing depreciation on any building to determine its true value in money for taxation; that the only way to determine the amount of the physical or economic depreciation of a building is by an actual inspection and examination of the building and records of the company by a competent and qualified appraiser.
 

 ‘ ‘
 
 The board therefore finds that the replacement cost of this building of 1,831,000 cubic feet at 40c per cubic foot is $732,400, and taking into consideration the age of the building, its physical condition, availability for the purposes for which it is used, income factor and all of the factors appearing in the records tending to prove its value, that a reduction of 2% per year or a total of 36% for total accrued depreciation
 
 from all causes
 
 is a fair and reasonable amount to be-allowed for depreciation on said building, and thus the board finds that the true value in money of this building, after giving it a depreciation of 36%, is $468,736.”. (Italics ours.)
 

 The board also said in its finding:
 

 “Mr. Hoidge, a witness for the .appellant, testified * * # that said building was built to accommodate stage shows and that now its main use was to exhibit motion pictures although it did use -the theater building three nights a week for stage presentations, which required the use of part of the stage, in addition to the picture show.
 
 There was no evidence that the buildmg was not suitable for exhibiting motion pictures,”
 
 (Italics ours.)
 

 Instead of pointing out wherein the method pursued by the Board of Tax Appeals was unlawful or unrea
 
 *263
 
 sonable or that there was no evidence to support its finding, the majority of this court has proceeded to pass upon the factual situation as follows.:
 

 “Deducting the undisputed 21% as admittedly of no commercial value and obsolete from the 36% allowed by the Board of Tax Appeals as a total depreciation and obsolescence factor, there is left 15% for depreciation for the balance of the structure for a period of 18 years, or a little less than 1% per year. It appears to the majority of this court that neither the auditor nor the Board of Tax Appeals seenis to have considered seriously the item-of functional depreciation. In that respect we think the decision of the Board of Tax Appeals is unreasonable. ’ ’
 

 This is a plain substitution of the judgment of the majority of this court for that of the Board of Tax Appeals.
 

 In paragraph two of the syllabus of
 
 Board of Education of Cleveland Heights City School District
 
 v.
 
 Evatt, Tax Commr.,
 
 136 Ohio St., 283, 25 N. E. (2d), 453, it was held :
 

 “The Supreme Court has appellate jurisdiction to review the decisions of the Board of Tax Appeals on questions of law presented by its record, but in the exercise of such jurisdiction this court will not interfere with a decision of the Board of Tax Appeals unless it appear from a consideration of the entire record that such decision is unreasonable or unlawful. ’ ’
 

 In the unanimous
 
 per curiam
 
 opinion of this court in the case of
 
 Ramsey
 
 v.
 
 County Board of Revision of Franklin County,
 
 141 Ohio St., 366, 368, 48 N. E. (2d), 102, it was held:
 

 “The valuation of these premises must necessarily bear some relation to valuations placed on similar properties in the same locality, and the fact that appellant’s property has added value by reason of being a corner lot must also be given due consideration. * * *
 
 *264
 
 This court will not substitute its judgment for that of the Board of Tax Appeals * * *.” •
 

 In another unanimous
 
 per curiam
 
 opinion of all judges participating it was held in the case of
 
 Citizens Building Co. of Cleveland
 
 v.
 
 Board of Revision of Cuyahoga County,
 
 141 Ohio St., 47, 51, 46 N. E. (2d), 413:
 

 “The Board of Tax Appeals was not required to adopt the valuation fixed by. any expert but could consider all the evidence. * * * This court has no power to substitute its judgment for that of the Board of Tax Appeals but determines only whether tbie valuation fixed by that board is reasonable and lawful.”
 

 In the unanimous
 
 per curiam
 
 opinion of all participating members of the court, it was held in
 
 Hibschman
 
 v.
 
 Board of Tax Appeals,
 
 142 Ohio St., 47, 48, 49 N. E. (2d), 949:
 

 “The Board of Tax Appeals is not required to adopt the valuation fixed by any expert or witness. * * * ‘The burden is upon a taxpayer to prove his right to a deduction and he is not entitled to the full amount of deduction claimed merely because no evidence is adduced
 
 contra
 
 his claim.’ ”
 

 In the case of
 
 Wheeling Steel Corp.
 
 v.
 
 Evatt, TaxCommr.,
 
 143 Ohio
 
 St., 71,
 
 54 N. E. (2d), 132, in paragraph seven of the syllabus it was held:
 

 “The action of an administrative officer or board within the limits of the jurisdiction conferred by law is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment.”
 

 In the case of
 
 Zangerle, Aud.,
 
 v.
 
 Republic Steel Corp.,
 
 144 Ohio St., 529, 60 N. E. (2d), 170, it was held in paragraph nine of the syllabus:
 

 “The action of an administrative board within the limits of the jurisdiction conferred by law is presumed, in the absence of proof to the contrary, to be valid and
 
 *265
 
 to have been done in good faith and in the exercise of sound judgment.”
 

 In the case of
 
 Fair Store Co. v. Board of Revision of Hamilton County,
 
 145 Ohio St., 231, 233, 61 N. E. (2d), 209, it was held in the unanimous
 
 per curiam
 
 opinion:
 

 “The'statute grants to the Board of Tax Appeals wide discretion in arriving at a valuation and this -court has repeatedly said that it will not substitute its .judgment for that of the Board of Tax Appeals.”
 

 It was also said in that opinion:
 

 “Prom a careful examination of this record it is apparent that the Board of Tax Appeals gave due consideration to the evidence and, attaching to the board’s •decisión the presumption of good faith and validity to which it is entitled, we find no basis for the conclusion that it is unreasonable or unlawful.” In that same opinion attention was called to the fact that “appellant makes no claim that the county auditor in any wise •discriminated against it in arriving at the true value in money of its property. ’ ’
 

 I am not unmindful of the
 
 per curiam
 
 opinion of this court, in which the writer joined, in the case of
 
 American Steel & Wire Co.
 
 v.
 
 Board of Revision of Cuyahoga County,
 
 139 Ohio St., 388, 40 N. E. (2d), 426, in which it was held at page 391:
 

 “A great deal is said by the board of revision about uniformity; but it should be remembered that the fixing of the true value of each lot or tract with improvements thereon is a separate proceeding
 
 and does not involve the consideration of all the parcels of land within a given area at the same time.”
 
 (Italics ours.)
 

 Except as to the particular case then under consideration, I am of the opinion that the italicized portion of the foregoing quotation is too broad. In that particular case data for comparison was wanting. The matter under consideration in that case was the valúa
 
 *266
 
 tion of special-purpose buildings and improvements considering the advantages of the location.
 

 In the case of
 
 Exchange Bank of Columbus
 
 v.
 
 Hines, Treas.,
 
 3 Ohio St., 1, 15, it was said by Chief Justice Bartley:
 

 “Taxing by a uniform rule requires uniformity, not only in the
 
 rate
 
 of taxation, but also uniformity in the
 
 mode
 
 of the assessment upon, the taxable valuation. Uniformity in taxing implies equality in the burden of taxation; and this equality of burden cannot exist without uniformity in the mode of the assessment, as well as in the rate of taxation. But this is not all. The uniformity must be coextensive with the territory to which it applies.”
 

 The jurisdiction conferred upon this court in appeals from the proceedings of administrative officers is revisory only.
 

 "When a case comes here from the Board of Tax Appeals, our duty is not to attempt to re-examine and decide the facts but to examine the record to see whether the law has been properly applied to the facts, bearing in mind that the burden of proof is upon appellant to overcome the presumption that the action of the board is valid and to have been arrived at in good faith and in the exercise of sound judgment.
 

 Section 5611-2, General Code, has not in my opinion attempted to enlarge the constitutional jurisdiction of this court but merely prescribes the method of carrying out the jurisdiction conferred by the Constitution. This section provides in part:
 

 “If upon hearing and consideration of such record and evidence the Supreme Court is of the opinion that the decision of the board of tax appeals appealed from is reasonable and lawful it shall affirm the. same, but if the Supreme Court is of the opinion that such decision of the board of tax appeals is unreasonable or
 
 *267
 
 unlawful, it shall reverse and vacate same or it may modify same and enter final judgment in accordance with such modification.”
 

 While the term “evidence” is used, the purpose of such use is to make clear that this court may examine the evidence to see if the law has been properly applied.
 

 Neither .the foregoing language of Section'5611-2, General Code, nor the language of the Constitution conferring jurisdiction upon this court authorizes this court to substitute its judgment for the judgment of the administrative authority.
 

 The appraisal of real property for taxation must be uniform. By this is meant that the property in a neighborhood must bear relative valuations, that is, there must be no discrimination. To take one piece of property out of the whole picture and value it without reference to the surrounding land or similar buildings is to dislocate the entire valuation picture.
 

 The valuation of property for the purpose of taxation is- a combined legislative and administrative function of which the-courts have no part. It is for the court to say whether the General Assembly has enacted constitutional laws in respect of valuation and whether administrative officers have followed the law in making the valuation. As said by Chief Justice Bradbury in
 
 State, ex rel. Aud. of State,
 
 v.
 
 Holliday,
 
 61 Ohio St., 352, 373, 56 N. E., 118, 49 L. R. A., 427:
 

 “* * * it is not for this or any other of the courts ■of the state in the first instance to place values for the pxirpose of taxation on any property whatever.”
 

 It is not our function to tell those skilled in such matters the result to be arrived at, but rather it is our function tó decide what principles of law are applicable to the facts of the particular ease.
 

 Tax valuation is a difficult problem at best. To arrive at approximate justice the General Assembly
 
 *268
 
 has wisely set up machinery whereby the county auditor is directed to make up a sexennial appraisal which is to be kept current. (See Sections 5548 and 5579, General Code.)
 

 The law provides the auditor with special assistants including experts (Section 5548, General Code).
 

 Section 5548, General Code, provides in part:
 

 '£ Such experts, deputies, clerks and other employees, in addition to their other duties, shall perform such services as the county auditor may direct in ascertaining such facts, description, location, character, dimensions of buildings and improvements and such other circumstances reflecting upon the value of such real estate, as will aid the county auditor in fixing its true value in money. Said county auditor may also, if he deems it necessary or advisable, summon and examine any person under oath in respect to any matter pertaining to the value of any real property within the county. ’ ’
 

 The record before us does not purport to disclose all the information upon which the county auditor based his valuation for tax purposes on the property in question. '
 

 As a check against the auditor, the General Assembly has provided for a board in each county to hear complaints and revise assessments of real property for taxation, which board is known as the county board of revision. The county board of revision is also empowered to employ experts (Sections 5587 and 5594, General Code).
 

 It is the duty of the board of revision to hear and to investigate complaints relating to the valuation or assessment of real property to the end that the taxpayer may present his case fully to the board of . revision.
 

 Section 5591, General Code, provides:
 

 
 *269
 
 “All files, statements, returns, reports, papers or documents of any kind whatsoever in the office of a county auditor or of a county board of revision or in the official custody or possession of such officer or board relating to the assessment of real property shall be open to public inspection.”
 

 The burden of showing that the valuation fixed by the auditor is too high or otherwise unjust is upon the taxpayer. If the taxpayer is dissatisfied with the action of the board of revision he may appeal to the Board of Tax Appeals (Section 5610, General Code). That the taxpayer may have the benefit of all that was before the board of revision, Section 5603, General Code, provides:
 

 “The county board of revision shall take full minutes of all evidence given before the board and may cause the same to be taken in shorthand and extended in typewritten form. The secretary of the board shall preserve in his office separate records of all minutes and documentary' evidence offered on each complaint.”
 

 When the case is appealed to the Board of Tax Appeals it is the duty of the county board of revision to certify to the Board of Tax Appeals a transcript of the record of the proceedings of the board of revision pertaining to the original complaint and all evidence documentary or otherwise offered in connection therewith. Such appeal may be heard by the Board of Tax Appeals at its office in the city of Columbus, or in the county where the property is listed for taxation, or the Board of Tax Appeals may cause one or more of its examiners to conduct such hearing and report to it his or their findings for affirmation or rejection.
 

 The Board of Tax Appeals may order such appeal to be heard upon the record and the evidence certified to it by the county board of revision or it may order the hearing of additional evidence and may make or
 
 *270
 
 cause to be made such investigation with respect to tbe appeal as it may deem proper. Thus tbe taxpayer has the opportunity to introduce all information gathered by tbe auditor and has tbe advantage as well of tbe results of tbe experts employed by tbe board of revision to make up bis record to be certified to tbe Board of Tax Appeals. But the taxpayer is not bound by tbis record. He may introduce further evidence and cause to be made an investigation in respect of tbe valuation of bis property.
 

 Now it. is fundamental that discrimination is to be avoided. To tbis end tbe auditor, tbe board of revision and tbe Board of Tax Appeals are required’ to take into consideration tbe difference, if any, in neighborhoods, tbe uses made of tbe neighborhood property, the kind, purpose and condition of tbe structures and especially tbe comparison of one parcel with another. But both tbe board of revision and tbe Board ■of Tax Appeals act only when a complaint or appeal is properly filed before tbe respective authority. Tbe presumption obtains in tbe absence of proof to tbe contrary that tbe auditor acted in good faith. Tbe burden of overcoming tbis presumption is upon tbe complainant. Likewise, tbe action of tbe board of revision is presumed in the absence of proof to the- con-trary to be valid and to have been done in good faith and in tbe exercise of sound judgment. Therefore, on appeal to tbe Board of Tax Appeals, tbe burden is still upon tbe taxpayer to overcome tbe presumption.
 

 Now instead of introducing before tbe board of revision or tbe Board of Tax Appeals
 
 all
 
 tbe information gathered by tbe auditor and tbe mode or method of -valuation used by him, appellant merely developed :the opinions of its own witnesses as to tbe value without reference to any other reql property. The prosecuting attorney bad no burden to carry and, therefore,
 
 *271
 
 merely introduced the county auditor’s expert. Now the proper way to show that a taxpayer has been unfairly treated in the valuation of its property is to show what has been done in similar cases in the same or similar neighborhoods. The big difference in this case arises out of the fact that appellant’s witness-claimed a large area of the building was obsolete. This was contested by the auditor’s expert. The quantum: of evidence necessary to overcome the presumption in favor of the board’s decision in this contention is lacking. The particular obsolescence disputed in this case arises out of the fact that appellant claims that it did not need as high a ceiling for motion picture purposes as it did when the theater was used as a vaudeville theater for which, it was originally built. There is no evidence in the record which shows that the profits realized from the use of the building as a motion picture theater were less than the profits realized as a vaudeville theater. Obsolescence, if it existed, and! valuation, if too high, could have been shown also by comparison of the motion-picture theater almost across the street from the one under investigation and another motion-picture theater approximately three blocks away. These, were proper matters to be taken into consideration by the county auditor, the board of revision and the Board of Tax Appeals. If such matters had shown discrimination against the property of appellant, we would then have a question of law to decide. But the fact and extent of the obsolescence is not for this court but is a question to be finally settled by the Board of.Tax Appeals. Assuming the value of appellant’s building to have been fixed without relation to other similar properties in the neighborhood, appellant had a right to complain if discriminated against and on the other hand, if the building valuation as finally fixed discriminates against the other neigh
 
 *272
 
 borhood theaters then they would be in position to complain.
 

 As to the real estate value, the writer leans to the opinion that upon the record presented 'there is no lawful basis for adding to the valuation any figure for corner influence. The record shows appellant has an easement over the corner property but this corner property over which the easement runs is separately taxed. As to the valuation of the land, the record does not present any evidence which supports a claim for a valuation lower than that found by the board of revision save and except the possible item of corner influence. It is possible, of course, that the board assigned only a portion of the corner influence factor to the theater land, and the balance to the tract facing Broad street over which appellant has an easement. However, the record is not clear on this. There is no showing in this case of the tax valuation in the sexennial appraisement under question of any of the surrounding properties or of any similar motion-picture theaters.
 

 The case of
 
 Neil House Hotel Co.
 
 v.
 
 Board of Revision of Franklin County,
 
 147 Ohio St., 231, 70 N. E. (2d),'646, bears some analogy to the present case. In the
 
 Neil House case
 
 experts for the taxpayer testified to much obsolete and unusable space in that building. In the
 
 Neil House case
 
 the reproduction cost was fixed by the Board of Tax Appeals at 51 cents per cubic foot. In the instant case we have an ornate building with a reproduction cost of only 40 cents per cubic foot. In the
 
 Neil House case
 
 we had the question of •alley influence. However, the question decided in the
 
 Neil House case
 
 applied only to building and machinery. In the
 
 Neil House case
 
 the question of depreciation was also raised. The board’s judgment as to .obsolescence was accepted.
 

 
 *273
 
 There is no evidence in the instant case showing the valuations for tax purposes of the surrounding property. It is true that the appellant’s expert capitalized income from leases upon property which he said was surrounding but of which the details were not given. But this does not meet the requirements of the
 
 present
 
 valuation of surrounding property. I think surrounding
 
 tax
 
 valuations constitute the
 
 sine qua non
 
 in a proceeding to challenge a tax valuation.
 

 The holding of the majority in this case amounts to substituting this court’s judgment for the judgment of the Board of Tax Appeals which specializes in appraisals, had the witnesses before it, and had greater opportunity than we have of appraising the true value.
 

 Save only on the question of the added value for corner influence
 
 under this
 
 record, the decision of the Board of Tax Appeals should be affirmed.