Per Curiam.

The ultimate question to be determined by the court is whether the decision of the Board of Tax Appeals is unreasonable or unlawful.
Appellant contends that the controversy stems directly from inability to comprehend the term, ‘ ‘ true value in money, ’ ’ as the term is used in the above-quoted portion of the statute; that the statute is unconstitutional because it has no known or ascertainable meaning; that the Board of Tax Appeals must determine the true value in money; that it abdicated its statu *342 tory duty in ruling that its duty was to determine whether appellant carried the burden; and that the valuation adopted was not the true value.
“True value in money” is a constitutional term (Section 2, Article XII), and failure of the statute to further define the term does not render the statute so vague or indefinite as to be meaningless.
In determining the value of property for the purpose of taxation, the assessing body must take into consideration all factors which affect the value of the property. B. F. Keith Columbus Co. v. Board of Revision of Franklin County, 148 Ohio St., 253; American Steel & Wire Co. v. Board of Revision of Cuyahoga County, 139 Ohio St., 388.
The burden is on the taxpayer to prove his right to a deduction. He is not entitled to the deduction claimed merely because no evidence is adduced contra his claim. Higbee Co. v. Evatt, Tax Commr., 140 Ohio St., 325; Rollman & Sons Co. v. Board of Revision of Hamilton County, 163 Ohio St., 363.
The decision of the Board of Tax Appeals is not unreasonable or unlawful, and it is hereby affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.