214

KOBLENZ ET AL., APPELLANTS, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLEES.
GOLDBERG, APPELLANT, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as Koblenz v. Board of Revision, 5 Ohio St. 2d 214.]

(Nos. 39414 and 39415—Decided March 16, 1966.)

*Mr. Samuel G. Wellman, Mr. Neil K. Evans* and *Messrs. Hahn, Loeser, Freedheim, Dean & Wellman,* for appellants.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun, Mr. George W. Leddon* and *Mr. Thomas P. Cyrus,* for appellees.

O'NEILL, J. Section 2 of Article XII of the Ohio Constitution provides:

"* * * Land and improvements thereon shall be taxed by uniform rule according to value. * * *"

Section 1 of the Fourteenth Amendment to the Constitution of the United States provides in part that no state "shall * * * deny to any person within its jurisdiction the equal protection of the laws."

This court held in *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals,* 175 Ohio St. 410 (certiorari denied, 379 U. S. 818), at pages 412 and 413:

"It is clear that under the Ohio law all real property, regardless of its nature or use, *may be assessed and taxed only by a uniform rule* on the basis of value.

"* * *

"* * * It is and has been the practice in this state for taxation purposes to establish an assessed value of less than actual value * * *. This raises the question of uniformity. Taxation by uniform rule within the requirement of the constitutional provision requires uniformity in the mode of assessment. * * * All property, whether commercial, residential or vacant, must be assessed on the basis of the same uniform percentage of actual value." (Emphasis added.)

The appellees assert that the rationale of the *Park Investment case, supra,* is not applicable to the duties and jurisdiction of the Board of Tax Appeals, as set out in Section 5717.03, Revised Code, but is limited to the duties and jurisdiction of the Board of Tax Appeals, as set forth in Section 5715.24, Revised Code.

An examination of Section 5717.03, *supra,* indicates that the rationale of the *Park Investment case, supra,* is applicable to the duties and the jurisdiction of the board under that section. The language in Section 5717.03, *supra,* which imposes a duty upon the Board of Tax Appeals is, in pertinent part, as follows:

"In case of an appeal from a decision of a county Board of Revision the Board of Tax Appeals * * * *in the event the complaint and appeal is against a discriminatory valuation, shall determine a valuation which shall correct such discrimination,* by ordering that the property be valued at its true value in money * * *." (Emphasis added.)

The appellee board contends, however, that the law of the *Park Investment case, supra,* is not applicable to any assessment made prior to the year 1964.

The *Park Investment case, supra,* arose upon a request for the issuance of a writ of mandamus to compel the Board of Tax Appeals to require that the assessment of property be uniform as to all classes of property.

This question arises under the statutory requirement for an annual review by the board of the aggregate value of assessments upon real property in a county.

This court, in issuing its mandate in that case, used the word, "hereafter," with regard to the annual review. However, the use of the word, "hereafter," in that mandate is not grounds for asserting that the rationale of the *Park Investment case, supra,* and the rule of law asserted there shall not apply to an assessment on an individual piece of property made prior to 1964, which is under review upon appeal by the Board of Tax Appeals pursuant to its duties under Section 5717.03, *supra.*

The appellee board takes the position that the requirement in Section 5717.03, *supra,* that "in the event the complaint and appeal is against a discriminatory valuation [the Board of Tax Appeals] shall determine a valuation which shall correct such

discrimination, *by ordering that the property be valued at its true value in money* * * *"* (emphasis added) is adqeuate grounds for upholding the assessment so long as it does not exceed the fair market value of the property even though the assessment appears discriminatory when compared with comparable property of like fair market value within the county.

This position is not permissible under the Ohio and the federal constitutional requirements of uniformity and of equal protection under the law. *Township of Hillsborough* v. *Cromwell*, 326 U. S. 620; *Sioux City Bridge Co.* v. *Dakota County*, 260 U. S. 441; *Carney, Aud.,* v. *Board of Tax Appeals*, 169 Ohio St. 445, 453; *Exchange Bank of Columbus* v. *Hines, Treas.,* 3 Ohio St. 1, 15 to 20.

The court must determine whether the constitutional requirements in Section 2, Article XII of the Ohio Constitution, that assessments of real estate be uniform for taxation purposes, and the constitutional requirement of Section 1 of the Fourteenth Amendment to the United States Constitution, that citizens be afforded equal protection of the laws, prevail over the statutory requirements of Section 5713.01 and Section 5717.-03, Revised Code, that property be assesed at its true value in money.

On this point, the legal authorities are clear that the constitutional requirements of uniformity and equal protection of the laws prevail. *Sioux City Bridge Co.* v. *Dakota County, supra* (260 U. S. 441). Chief Justice William Howard Taft, in the opinion in that case, stated the applicable law succinctly, at page 446:

"* * * This court holds that the right of the taxpayer whose property alone is taxed at 100 per cent of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of the statute. *The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law,* the latter requirement is to be preferred as the just and ultimate purpose of the law. * * *" (Emphasis added.)

The Board of Tax Appeals is in error, and its decisions must be reversed. The decisions of the Board of Tax Appeals

are reversed and the causes remanded to the board for a determination of assessments which will meet the constitutional requirements of uniformity in the light of the evidence in the records.

*Decisions reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS and HERBERT, JJ., concur.

BROWN, J., concurs in the syllabus but dissents from the judgment.

SCHNEIDER, J., dissents.