FIRST UNION REAL ESTATE EQUITY & MORTGAGE INVESTMENTS, APPELLANT, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY; CLEVELAND BOARD OF EDUCATION, APPELLEE.

CLEVELAND BOARD OF EDUCATION, APPELLEE, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY; FIRST UNION REAL ESTATE EQUITY & MORTGAGE INVESTMENTS, APPELLANT.

[Cite as First Union Real Estate Equity & Mtge. Investments *v.* Cuyahoga Cty. Bd. of Revision (1990), 53 Ohio St. 3d 236.]

(No. 89-479—Submitted April 19, 1990—Decided August 29, 1990.)

*Arter & Hadden,. Jacob I. Rosenbaum, Irene C. Keyse-Walker, Brian D. Isroff* and *R. Bruce Moore,* for appellant.

*Armstrong, Gordon, Mitchell & Damiani, Timothy J. Armstrong* and *Deborah J. Papushak,* for appellee.

*Per Curiam.* It is well-established that the proper test for determining the true value of real estate for taxation purposes is the price agreed upon by a seller, willing to sell but under no compulsion to sell, and a buyer, willing to buy but under no compulsion to buy. That basic principle is not disputed and it is consistent with the controlling statute, R.C. 5713.03, which read, during tax year 1986, in pertinent part:

"The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of each separate tract * * * of real property and of * * * improvements located thereon * * *. * * * [I]f such tract * * * has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract * * * to be the true value * * *."

Appellant argues that although the method of determining true value is well-established, evidence of post-tax-lien-date transactions applies only in cases involving the particular real estate under investigation and not unrelated property. Thus, according to appellant, in order for evidence to be reliable it must relate to the specific property which was exchanged in an arm's-length transaction and not to comparable real estate. We disagree.

We recognized in *Grabler Mfg. Co. v. Kosydar* (1975), 43 Ohio St. 2d 75, 78, 72 O.O. 2d 42, 44, 330 N.E. 2d 924, 927, that:

"* * * [T]he question becomes whether the sales in question were, in time and circumstances surrounding them, the best evidence of true value in this case. We believe that they were, * * * and sales within that period of time after tax listing day * * * seem to be within a reasonable time." See, also, *American Steel & Wire Co. v. Cuyahoga Cty. Bd. of Revision* (1942), 139 Ohio St. 388, 392, 22 O.O. 445, 446, 40 N.E. 2d 426, 428.

Moreover, we reject appellant's argument that the BTA accepted an unrealistic vacancy rate since the BTA decision was consistent with testimony presented by appellee's appraiser.

As we pointed out in *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412, 25 O.O. 2d 432, 434, 195 N.E. 2d 908, 910, evidence of an arm's-length sale is often unavailable, "and thus an appraisal becomes necessary." When such evidence is available its value is not diminished. This, too, is not a new concept. In *Ramsey* v. *Franklin Cty. Bd. of Revision* (1943), 141 Ohio St. 366, 368, 25 O.O. 476, 48 N.E. 2d 102, 103, we stated:

"The valuation of these premises must necessarily bear some relation to valuations placed on similar properties in the same locality, and the fact that appellant's property has added value by reason of being a corner lot must also be given due consideration.

The syllabus of *Cuyahoga Cty. Bd. of Revision* v. *Fodor* (1968), 15 Ohio St. 2d 52, 44 O.O. 2d 30, 293 N.E. 2d 25, states:

"The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful."

Here the BTA found that the income approach utilized by appellee's appraiser "more closely reflect[ed] the value of the subject property on tax listing day of 1986" and that his analysis utilized an historical vacancy rate of five percent plus a special allowance to reflect the loss of tenants.

A brief summary of our prior decisions having particular application to the case before us appears in *R.R.Z. Associates* v. *Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St. 3d 198, 201, 527 N.E. 2d 874, 877:

"The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraphs two, three, and four of the syllabus. * * * We will not overrrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus."

The BTA may determine, as it did, that in the absence of a recent arm's-length sale of the subject property, other relevant evidence should be utilized. The BTA's decision, accepting appellee's income approach to value and finding the true value of the subject property to be $27,325,000, was reasonable and lawful and is supported by evidence of record. Consequently, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.