OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Rick Case Motors, Inc. et al., Appellants, v. Tracy, Tax Commr., Appellee.
[Cite as Rick Case Motors, Inc. v. Tracy (1994),      Ohio St.3d    .]
Taxation -- Personal property tax -- Inventory of a sold
    division included in average monthly inventory value
    calculations even if the inventory was not held for a full
    year.
    (No. 93-1971 -- Submitted September 29, 1994 -- Decided December 27, 1994.)
    Appeal from the Board of Tax Appeals, No. 91-X-321.
    Rick Case Motors, Inc. and its subsidiaries, appellants, sold motorcycles and automobiles at retail. On December 31, 1985, Case sold its motorcycle division, including its motorcycle inventory, to Mark Smith Cycles, Inc. Case continued to sell automobiles after this sale of its motorcycle division.
    Case, a fiscal year taxpayer, having a tax year of October 1 to September 30, seeks to exclude from the calculations of average inventory value, for personal property tax years 1986 and 1987, the month-ending inventory values for the sold motorcycle division. For 1986, Case's tax listing date was September 30, 1985, and its taxable year was October 1, 1984 to September 30, 1985. Case included all motorcycle inventory in its return, but applied for a refund for taxes paid based on recalculating its inventory by excluding the sold motorcycle inventory. For 1987, Case's fiscal year ran from October 1, 1985 to September 30, 1986, and its tax listing date was September 30, 1986. It excluded the motorcycle inventory held in October, November, and December 1985 from its 1987 return.
    The Tax Commissioner, appellee, reviewed Case's returns. He included the motorcycle inventory in the average monthly inventory calculations for both years, denied the refund claim for 1986, and assessed Case additional tax for 1987. On appeal, the Board of Tax Appeals affirmed the commissioner's

order.

The cause is now before this court upon an appeal as of right.

Baker & Hostetler, Edward J. Bernert and George H. Boerger, for appellants.

Lee Fisher, Attorney General, and James C. Sauer, Assistant Attorney General, for appellee.

Per Curiam. R.C. 5711.03 requires taxpayers to list all taxable property as of the first day of January annually, and R.C. 5711.101 permits a fiscal year taxpayer to list taxable property as of the close of business at the end of his fiscal year. R.C. 5711.15 describes how a merchant should value his inventory:

"A merchant in estimating the value of the personal property held for sale in the course of his business shall take as the criterion the average value of such property, as provided in this section of the Revised Code, which he has had in his possession or under his control during the year ending on the day such property is listed for taxation, or the part of such year during which he was engaged in business. Such average shall be ascertained by taking the amount in value on hand, as nearly as possible, in each month of such year, in which he has been engaged in business, adding together such amounts, and dividing the aggregate amount by the number of months that he has been in business during such year."

Case principally argues that the words "estimating" and "criterion" allow us to interpret this statute so that Case may substitute what it considers a more accurate calculation of its inventory by excluding the sold motorcycle inventory from the calculations. It maintains that it may exclude the this inventory because it sold the inventory to another merchant and completely withdrew from the business of merchandising motorcycles.

However, we have long and consistently held that a merchant must include in the calculations any inventory it held even, if it did not hold inventory for a full year. In United Engineering & Foundry Co. v. Bowers (1960), 171 Ohio St. 279, 282, 13 O.O. 2d 240, 241-242, 169 N.E. 2d 697, 699, we held that these inventory valuation statutes may draw on the antecedent fact of holding inventory for a criterion in the operation of the statutes. In Beerman Stores, Inc. v. Bowers (1962), 173 Ohio St. 59, 18 O.O. 2d 258, 179 N.E. 2d 521, we noted that inventory is taxable if it is used in business in Ohio. At 62, 18 O.O. 2d at 258, 179 N.E. 2d at 522, we stated:

"The language of Section 5711.15, Revised Code, is clear that, where a merchant has an inventory in existence in a taxing district for some part of a year, such inventory must be included in the valuation of tangible personal property for tax purposes. There is no requirement in such section that the inventory be in existence on tax listing day.

"* * * As we have noted, such section does not require the property to be in existence on any specific day, it requires only that such property shall have been used in business during the tax year."

Consequently, Case must include the motorcycle inventory

in its average monthly inventory calculations because it held the inventory during each taxable year in dispute.

Case next claims that to tax it on property that it no longer holds violates principles of fundamental fairness and due process. However, it held the property for an entire taxable year in 1986 and for several months in tax year 1987. We see nothing unfair in requiring it to pay a tax based on this use in business. The tax statute bears a real and substantial relation to the general welfare of the public as it funds state operations, and it is not unreasonable or arbitrary. Mominee v. Scherbarth (1986), 28 Ohio St.3d 270, 274, 28 OBR 346, 350, 503 N.E. 2d 717, 720-721.

Finally, Case claims that this application of the statute denies it equal protection. It then recites examples of how this problem could occur; however, Case presented no evidence of how other taxpayers were actually treated in contrast with it. Consequently, the record is not factually sufficient to establish its claim. Lyons v. Limbach (1988), 40 Ohio St.3d 92, 94, 532 N.E.2d 106, 109.

Moreover, in Chicago Pacific Corp. v. Limbach (1992), 65 Ohio St.3d 432, 435-437, 605 N.E.2d 8, 11-12, we ruled that R.C. 5711.15 does not deny equal protection because the state has a legitimate interest in levying a tax on average business inventory and avoiding the inequality of fluctuating inventories.

Accordingly, we affirm the board's decision because it is reasonable and lawful.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.