[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 31.]

TREBMAL LANDERHAVEN, APPELLANT AND CROSS-APPELLEE, *v*. CUYAHOGA
COUNTY BOARD OF REVISION ET AL., APPELLEES; MAYFIELD HEIGHTS BOARD
OF EDUCATION, APPELLEE AND CROSS-APPELLANT.
[Cite as *Trebmal Landerhaven v. Cuyahoga Cty. Bd. of Revision*,
1995-Ohio-150.]

*Taxation—Real property evaluation—Board of Tax Appeals decision upheld when
supported by credible evidence.*

(No. 93-2593—Submitted October 14, 1994—Decided April 12, 1995.)

APPEAL from the Board of Tax Appeals, Nos. 91-M-269 and 91-M-270.

———————————

{¶ 1} Trebmal Landerhaven ("Trebmal"), a limited partnership, owns real property in the Landerhaven Corporate Center Office Park in Mayfield Heights, Ohio.  One parcel, consisting of 6.250 acres, is improved with three one-story masonry office buildings, known as Landerhaven Office Plaza, containing approximately 73,542 square feet of net rental space.  The adjoining 4.593-acre parcel, also owned by Trebmal, is unimproved.  The property was purchased in late 1986, and construction of the buildings began in 1987.  As of January 1, 1988, eighty-five to ninety percent of the basic shells of the buildings were completed, and by  January 1, 1989, the basic shells were "substantially completed" and more than one-third of the rental space was occupied.

{¶ 2} For tax years 1988 and 1989 the Cuyahoga County Auditor established the true value of the subject property as:

| Tax year 1988 | | Tax year 1989 | |
|---|---|---|---|
| Land | $1,887,000 | Land | $1,887,000 |
| Buildings | $2,406,310 | Buildings | $3,961,910 |
| Total | $4,293,310 | Total | $5,848,910 |

**{¶ 3}** The Cuyahoga County Board of Revision scheduled the complaints as to valuation filed by Trebmal and the counter-complaints filed by the Mayfield Heights Board of Education ("school board") for hearing on August 9, 1990. Trebmal requested and was granted a continuance in order to gather sufficient evidence to fully prepare its case. A second hearing, scheduled for November 30, 1990, was also postponed for the same reason and the hearing was rescheduled for January 30, 1991. A third continuance request was denied by the board of revision.

**{¶ 4}** The board of revision determined that the values established by the auditor were correct and Trebmal then appealed to the Board of Tax Appeals ("BTA"), where the cases were consolidated for hearing and expert appraisal testimony was presented by Trebmal and by the school board.

**{¶ 5}** Upon appeal, the BTA determined that the true value of the subject property was:

| Tax year 1988 | | Tax year 1989 | |
| --- | --- | --- | --- |
| Land | $2,170,000 | Land | $2,170,000 |
| Building | $2,504,320 | Building | $3,263,235 |
| Total | $4,674,320 | Total | $5,433,235 |

**{¶ 6}** The cause is now before this court upon an appeal as of right.

_____

*Fred Siegel Co., L.P.A., Fred Siegel, Stephen R. Gill, Robert K. Danzinger, Annrita S. Johnson* and *Daniel S. Siegel*, for appellant and cross-appellee.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Timothy Kollin,* Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

*Kelley, McCann & Livingstone, Fred J. Livingstone* and *Robert A. Brindza*, for appellee and cross-appellant.

_____

***Per Curiam.***

2

{¶ 7} The decision of the BTA is affirmed.

{¶ 8} Trebmal's appeal challenges the land valuations for 1988 and 1989 and the building valuation for 1989. Trebmal also contends that the land and building values for 1989 constitute an unconstitutional taking of property without due process of law; that the BTA abused its discretion in violation of the uniform applicability provision of the Ohio Constitution, Section 26, Article II; and that the BTA decision constitutes a denial of equal protection of the laws, as guaranteed by the Ohio and federal Constitutions.

{¶ 9} Trebmal's constitutional issues are without merit. The valuation found by the BTA was not "grossly excessive," as asserted by Trebmal, but was supported by credible evidence. The valuation did not constitute an unlawful taking of property in violation of the Fifth Amendment to the Constitution of the United States, or a denial of due process under the Fourteenth Amendment to the Constitution of the United States, or a violation of the Ohio Constitution.

{¶ 10} In *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 202, 527 N.E.2d 874, 878, we rejected appellant's (R.R.Z. Associates') claim that the subject property was not valued uniformly under Section 2, Article XII of the Ohio Constitution, stating: "[S]ince we find that there is sufficient probative evidence to support the BTA's decision, we disagree with appellant's premise and hold that the property is valued uniformly."

{¶ 11} In *Rick Case Motors, Inc. v. Tracy* (1994), 71 Ohio St.3d 380, 382-383, 643 N.E.2d 1137, 1138, we stated:

"Finally, Case claims that this application of the statute denies it equal protection. It then recites examples of how this problem could occur; however, Case presented no evidence of how other taxpayers were actually treated in contrast with it. Consequently, the record is not factually sufficient to establish its claim. *Lyons v. Limbach* (1988), 40 Ohio St.3d 92, 94, 532 N.E.2d 106, 109." See, also,

*Koblenz v. Cuyahoga Cty. Bd. of Revision* (1966), 5 Ohio St.2d 214, 34 O.O.2d 424, 215 N.E.2d 384.

{¶ 12} Trebmal can find no support in *Allegheny Pittsburgh Coal Co. v. Cty. Commr. of Webster Cty.* (1989), 488 U.S. 336, 109 Sup. Ct. 633, 102 L.Ed.2d 697. That case is factually distinguishable because, as the school board observes, in *Allegheny*, the Supreme Court was presented with the question whether certain tax assessments constituted an equal protection violation when the assessments were up to thirty-five times more than the assessments for comparable neighboring property over a ten-year period. See 488 U.S. at 342, 344, 109 S. Ct. at 637, 638, 102 L.Ed.2d at 696, 697.

{¶ 13} Trebmal presented no evidence to establish that its property was assessed at a value that was "greatly in excess of the prevailing average ratio of assessed value to the fair market value * * * [of] property in Cuyahoga County." *Koblenz, supra*, at 215, 34 O.O.2d at 424, 215 N.E.2d at 386.

{¶ 14} In its cross-appeal, the school board contends that the BTA erred in not excluding the report and testimony of Trebmal's expert witness, and that the BTA's determination of value as to land and buildings was unreasonable and unlawful because it was based upon evidence which should have been excluded. The school board also contends the BTA's decision should be reversed and remanded because it failed to impose monetary sanctions against Trebmal.

{¶ 15} Taking the cross-appeal first, we agree with the BTA as to the request for sanctions. Apparently, Trebmal had intended to present the testimony of its officers to the BTA and had so advised the school board. The hearing was continued three times at Trebmal's request because its witness was unavailable. However, on February 15, 1993, Trebmal changed its tactics and decided to present the appraisal evidence of Wesley Baker, and advised the school board of this change. Baker's appraisal report was not available until the morning of the hearing, which was held on February 24, 1993. At the hearing, the school board moved for

sanctions against Trebmal, seeking reimbursement of its costs incurred in opposing appellant's original strategy and in challenging Baker's appraisal.

{¶ 16} Ohio Adm. Code 5717-1-10(A) states: "Discovery may be permitted by deposition upon oral examination or written questions; written interrogatories; * * * and requests for admissions. The 'Ohio Rules of Civil Procedure' shall be used as a guideline for discovery purposes * * *." The school board contends that the late notice of Trebmal's intention to present an expert witness constituted "surprise."

{¶ 17} Although Civ. R. 37(B) provides for sanctions when a party fails to comply with discovery rules, the BTA found that there were other sanctions available to it, under Ohio Adm. Code 5717-1-13, which include prohibiting the introduction of expert testimony into evidence and ordering the payment of reasonable expenses caused by failure to obey an order. The BTA found, and we agree, that such sanctions were not appropriate because the school board was given a choice to cross-examine the appraiser at the hearing or to continue the hearing until a later time. In addition, the school board was prepared to, and did, in fact, offer the testimony of its own expert appraiser. Moreover, counsel for the school board was familiar with the underlying information and was able to cross-examine Trebmal's appraisal witness effectively.

{¶ 18} As to the true value of the subject property, we hold that the decision of the BTA was reasonable and lawful under paragraph four of the syllabus of *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 336 N.E.2d 433:

"The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision

is unreasonable or unlawful. (*Bd. of Revision v. Fodor*, 15 Ohio St.2d 52 [44 O.O. 2d 30, 238 N.E.2d 25], approved and followed.)"

{¶ 19} We are satisfied from our review of the record that the BTA's findings are based upon sufficient probative evidence, including expert appraisal testimony. See *First Union Real Estate Equity & Mtge. Investments v. Cuyahoga Cty. Bd. Of Revision* (1990), 53 Ohio St.3d 236, 560 N.E.2d 177.

{¶ 20} Both Wesley Baker and Richard Van Curen, the school board's appraisal witness, agreed that the highest and best use of the property was for office development and they utilized the same method of appraisal, the cost method, which the BTA found to be the most appropriate here. The BTA also agreed with Van Curen's estimate of land value of $200,000 per acre as of January 1, 1988, and that that value should apply as well to 1989. Despite Baker's conclusion that the reasonable value of the land was $150,000 per acre, the record discloses a forty-acre sale in the area in July 1988 for $180,000 per acre, and a six-acre sale of land with freeway exposure in July 1988 for $237,500 per acre. In addition, the BTA found Van Curen's estimate of $220,000 per acre as of January 1, 1989 was not inconsistent with its finding because it was appropriate to carry forward the 1988 values to 1989.

{¶ 21} Finally, Trebmal argues that the BTA ignored the zoning requirement that all tracts be at least six acres in size, and that this led to an excessive valuation for the land by the BTA. This issue is not dispositive because Wesley testified that the 4.593-acre tract could have been made to comply with zoning requirements, either by acquiring adjoining land (albeit with difficulty) to enlarge the tract to six full acres, or by selling the tract. In any case, there was sufficient evidence to establish that the BTA determination of $200,000 per acre was not unreasonable or unlawful, and thus its decision is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---