NATIONAL CHURCH RESIDENCE, APPELLANT, *v.* LICKING COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Natl. Church Residence v. Licking Cty. Bd. of Revision* (1995), 73 Ohio St.3d 397.]

(No. 94–1625—Submitted March 30, 1995—Decided August 30, 1995.)

*Todd W. Sleggs,* for appellant.

*Robert L. Becker,* Licking County Prosecuting Attorney, and *Pauline E. O'Neill,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.* National Church principally contends that the BTA erred in rejecting its evidence on expenses. We disagree.

A taxpayer has the duty to prove his right to a reduction in value. *Zindle v. Summit Cty. Bd. of Revision* (1989), 44 Ohio St.3d 202, 203, 542 N.E.2d 650, 651. Furthermore, the BTA has wide discretion in granting weight to evidence and credibility to witnesses. We will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of this discretion. *Webb Corp. v. Lucas Cty. Bd. of Revision* (1995), 72 Ohio St.3d 36, 647 N.E.2d 162.

We hold that the BTA did not abuse its discretion in rejecting the evidence on stabilized expenses or any other evidence presented by National Church. We further agree with the BTA that National Church failed to sustain its burden to prove a right to reduction.

According to the witness, Chimes Terrace's actual expenses had no bearing on the stabilized expenses that the witness employed in his income approach. Thus, the several years of audited income and expense statements attached to the witness's report played no role in determining the value of the property and do not support the stabilized expenses. Moreover, as the BTA determined, the

expenses from the comparable properties were not in any way detailed so that the BTA could compare expense items.

Finally, we do not find any merit in National Church's constitutional arguments. *Trebmal Landerhaven v. Cuyahoga Cty. Bd. of Revision* (1995), 72 Ohio St.3d 31, 33, 647 N.E.2d 159, 160.

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

PFEIFER,, J., dissenting. In its opinion, the Board of Tax Appeals ("BTA") cites no specific facts to support its conclusion that the board of revision's claimed value of the property is accurate. Instead, the BTA merely asserts that it looked at the statutory record and found it to be accurate. In contrast, the appellant presented factual testimony from an appraiser. The fact that the appraiser's methodology is less than exemplary does not excuse the BTA from supporting its conclusion with evidence. Because the only facts discussed in the BTA's opinion support the taxpayer's valuation of the property, I would reverse the BTA.

WRIGHT, J., concurs in the foregoing dissenting opinion.