OPINION
Appellant M. Eileen Smith is appealing the decision of the Stark County Court of Common Pleas that granted Appellees Tula and Sam Noussias' motion for new trial. The facts giving rise to this appeal are as follows.
The parties to this appeal were involved in an automobile accident on March 27, 1995, when Appellant Smith failed to yield the right-of-way and pulled into the path of Appellee Tula Noussias. A collision followed and Appellee Tula Noussias received injuries to her neck and left shoulder.
Appellee Tula Noussias and her husband, Sam Noussias, filed a complaint against Appellant Smith and Erie Insurance Company on January 22, 1997. Appellee claims that immediately following the accident, she began experiencing pain in her arm. During the evening on the day of the accident, after experiencing a severe headache, appellee went to the emergency room at Aultman Hospital. Ultimately, Appellee Tula Noussias was diagnosed with a cervical strain/sprain and an aggravation of a degenerative disk disease. Prior to trial, the parties stipulated that Appellant Smith's negligence was the sole and proximate cause of the collision. The trial of this matter commenced on July 21, 1997. Appellee Noussias offered the only medical testimony through two expert witnesses. Appellee Noussias presented evidence that she incurred medical expenses in the amount of $15,336.46. Despite the testimony of appellees' two expert witnesses and the amount of medical expenses she incurred, the jury returned a verdict in the amount of $774.59. The jury awarded $250 for appellee's medical expenses and $524.39 for property damage. The jury awarded nothing for Appellee Sam Noussias' loss of consortium claim.
On August 4, 1997, appellees filed a motion for new trial. The trial court granted appellees' motion on October 8, 1997. Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL.
 Standard of Review
The grant or denial of a motion for new trial rests in the sound discretion of the trial court. Rhode v. Farmer (1970),23 Ohio St.2d 82. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.2d 217.
Civ.R. 59 sets forth the grounds for granting a new trial. The trial court based its decision to grant a new trial on subsection (4) and (6):
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
* * *
It is based upon this standard that we review appellant's assignment of error.
 I
Appellant contends the trial court abused its discretion when it granted appellees' motion for new trial because the jury's verdict was supported by competent, substantial and credible evidence. We disagree.
In support of its conclusion to grant a new trial, the trial court cited to the following testimony presented by Dr. Nafziger at his deposition. The trial court found this testimony established that Appellee Tula Noussias' injuries were causally related to the accident:
 Q. * * * Now Doctor, can you tell us whether you have an opinion based on reasonable medical certainty as to whether or not the automobile collision of March 27, 1995 caused Tula Noussias to suffer from a permanent injury or condition which will continue for the rest of her life?
A. Yes.
Q. And what is that opinion?
 A. I believe that the motor vehicle accident was causally related to the symptoms that she presented within my office in March of `95, and that these — that she continues to experience some symptoms from that accident.
Q. And that these conditions are permanent?
A. Yes.
 Q. And these conditions will continue the rest of her life?
A. Yes.
 Q. And Doctor, based on all the information that you've just testified that you've perceived and reviewed, both diagnostic tests and also your clinical examination and history that you've taken of Mrs. Noussias, do you have an opinion based on reasonable medical certainty as to whether or not the collision of March 27, 1995 will require Mrs. Noussias to undergo future medical treatment or intervention to correct or try to further aid her in her condition?
 A. Yes, I believe that she will in the future require some ongoing medical care related to this accident. Depo. Dr. Nafziger at 11-12.
At the deposition, Appellant Smith's cross-examination of Dr. Nafziger hinted that Appellee Tula Noussias' injuries were caused by degenerative changes due to aging or a prior accident. Depo. Dr. Nafziger at 29. However, Dr. Nafziger's testimony clearly established his medical opinion that the accident in March of 1995 caused the symptoms from which Appellee Tula Noussias suffers.
Finally, the trial court refers to the following testimony of Dr. Nafziger regarding Appellee Tula Noussias' pain she is experiencing as a result of the accident:
 Q. Based on all of the information that you've just testified that you've perceived and reviewed, both diagnostic tests and also your clinical examination and history that you've taken of Mrs. Noussias, do you have an opinion based on reasonable medical certainty as to what degree of pain or discomfort attended the injury in the early stages, middle stages and will continue to attend the injury in the future?
A. Yes.
Q. What is that opinion?
 A. Well, I believe initially she was in, I would say, moderate to severe pain when I first saw her in the office, and gradually her pain resolved. We've had intermittent pain flare-ups since then, and I would say at this point she will vary sometimes between feeling well and sometimes where she has a significant degree of pain. Depo. Dr. Nafziger at 20-21.
We find the trial court's conclusion that the pain suffered by Appellee Tula Noussias was related to the accident that occurred in March, 1995, supported by the weight of the evidence. Appellee Tula Noussias has incurred $15,336.46 in medical expenses as a result of the injuries she sustained in the accident. Appellant did not refute this testimony with any evidence of her own. Therefore, we find the trial court did not abuse its discretion when it found the verdict inadequate and not supported by the material weight of the evidence. The trial court properly granted appellees a new trial pursuant to Civ.R. 59(A)(4) and Civ.R. 59(A)(6).
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.