OPINION
R. Martin West appeals from his conviction in the Darke County Municipal Court of making a prohibited right turn on red and driving while under suspension.
Matt Collett, a police officer for the City of Greenville testified he was on duty on October 29, 1999 at 12:18 p.m. when he observed the appellant make a right turn with his automobile at a stop light where it was prohibited to make a right turn between 7:30 a.m. and 3:30 p.m. Collett said he had a clear view of the violation from a block away. Collett testified he stopped the appellant and explained why he was conducting the traffic stop. Collett said the defendant told him he hadn't noticed the sign at the light restricting right turns during certain hours. (Tr. 7).
The appellant testified the light was green when he proceeded through the traffic light. (Tr. 8). Mario Lanham testified he was a passenger in appellant's car when appellant was stopped by Officer Collett. Lanham testified he wasn't paying much attention at the time the appellant turned right. He testified he didn't observe the color of the light or see the warning sign as appellant make made the right turn. Lanham said the appellant did not completely stop his vehicle at the light. (Tr. 12).
On the driving while under suspension charge, Officer Scott Drew of the Greenville Police Department testified he observed appellant driving his car on East Main Street in Greenville at 11:43 a.m. Since Drew knew that the appellant's license had been suspended and his driving privileges limited to occupational purposes, he followed the appellant's vehicle.
Drew testified he observed the appellant drop a female passenger off at the Warner Cable office. Drew said the appellant observed him following him and asked what Drew wanted. Drew said he asked appellant if he was driving his car on business and the defendant admitted he wasn't. (Tr. 25). Drew said the appellant said he gave a friend a ride to Warner Cable and was going to return home., Appellant testified he was on business when he was cited for driving while under suspension by Officer Drew. Appellant testified he is self-employed selling direct television to businesses and he was on his way to Dayton. Appellant said Mario Lanham was with him as a passenger and he was training Lanham in the business. (Tr. 40).
Lanham testified he was with the appellant when Officer Drew cited appellant for the driving while under suspension violation. Lanham said his friend, Roxanne, asked for a ride to Time Warner Cable. Lanham said appellant and he were headed to the bank to get money for gas and therefore they gave the girl a ride to Time Warner Cable after they left the bank. Lanham said he heard the defendant deny he was heading home after dropping off Roxanne.
In finding the defendant guilty of driving while under suspension, the trial court stated the following:
 THE COURT: So going to the bank is clearly something that people have to do in the operation of the business, and I disagree with Mr. Amick. You have that right. Getting gas for your car to operate is another thing that you need to do in operating your business. So I disagree with Mr. Amick on that aspect.
However, dropping off Roxanne at Warner Cable is not part of your business. That's where you diverted from going to work, from work, and in the course of your employment unless you are a taxi service; and you are not. You did not have that right to give her any type of favor.
She either had to walk or get off when you stopped at the bank or when you stopped at the gas station. But when you drove her from that gas station or the bank, and I got confused about which was latter, then you diverted from your authority. The Court said to, from, and during the course of your employment only.
The trial court imposed a suspended thirty day jail term and fined appellant $100., Appellant contends the judgment of the trial court should be reversed because he did not commit the traffic violations and the Greenville Police Department was merely harassing him in issuing the citations.
It is fundamental that the weight to be given the evidence and the credibility of the witnesses is primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230. See also,State v. Thompkins (1997), 71 Ohio St.3d 380 [78 Ohio St.3d 380]. In this case the trial judge assessed the credibility of the defendant and that of Officer Collett and concluded that Collett saw the defendant violate the statute precluding turns on a red light during prohibited hours. The court also concluded that appellant's giving a ride to Mario Lanham's friend was an excursion outside the parameters of appellant's occupational driving privileges. Both findings are supported by the evidence and the law and thus we must affirm the trial court's judgment. The assignment of error is overruled. Judgment of the trial court is Affirmed.
 __________________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.