OPINION
This is an appeal from a Summary Judgment ruling of the Delaware County, Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
The facts underlying this case are that appellant Roger Chapple was an employee of the Ohio Department of Natural Resources, Division of Parks and Recreation (O.D.N.R.).
Appellee Ultrafit, Inc. through its president, appellee Jeffrey Sheard is engaged in organizing and promoting events such as triathlons.
One of these contests was set for June 28, 1998 at Alum Creek State Park.
Appellees had made application to the O.D.N.R. to use the facilities, including employees of O.D.N.R. on June 28, 1998 to conduct a triathlon.
Appellant signed up per O.D.N.R. procedure to work the event.
John Williamson, crew leader for O.D.N.R. set the work schedule which included appellant's duties. (Appellant's deposition at p. 14).
Appellant had no contact with appellees on 6/28/98 prior to his injury.
Due to severe weather, the triathlon's starting time was delayed until about 9:30a.m. when the weather had improved. Due to the late start, the race was shortened.
Near the end of the shortened event, appellant Roger Chapple was rolling a hose on an abandoned leg of the race and was struck by lightning and injured.
Appellant, Joyce Chapple, spouse of Roger Chapple is joined on a loss of consortium basis.
The issues are whether appellees owed a duty to Roger Chapple, was he an employee of O.D.N.R. or other status, and if a duty of care existed, did it require a postponement or cancellation of the event.
Appellees filed a Motion for Summary Judgment on April 11, 2000 which was set for a non-oral hearing with appellants memorandum in opposition filed May 8, 2000, and a reply subsequently filed.
After careful consideration of all materials available to the trial court, it sustained appellee's motion.
 ASSIGNMENT OF ERROR
The sole Assignment of Error is:
 I. THE TRIAL COURT ERRED IN RENDERING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS-APPELLEES WHERE THE DEFENDANT-APPELLEES OWED A DUTY OF CARE TO PLAINTIFFS-APPELLANTS AND GENUINE ISSUES OF FACT EXISTED CONCERNING DEFENDANTS-APPELLEES' BREACH OF THAT DUTY.
 SUMMARY JUDGMENTS
Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 I.
As to the Assignment of Error, even though appellants' Complaint asserts negligence, gross negligence and wanton and wilful misconduct but his Brief relies solely on negligence. (Appellant's brief at p. 8). Appellant acknowledges that no Ohio case strictly fits the fact pattern in the case sub judice. Other than the cases citing basic propositions of negligence law, none of the cases cited by either party to this appeal are particularly in point, therefore we must, as the trial court did, review the facts which would support or refute the decision from which the appeal is taken.
The deposition of appellant, Roger Chapple, indicates that the weather had cleared by the delayed starting time and that lightning flashes were to the north of the park. (Appellant's deposition at p. 26).
In the reply brief appellant's counsel attempts to blame a memory loss for the inability of Roger Chapple to remember that lightning was flashing in his vicinity prior to being struck. (Appellant's reply brief at p. 2). This conclusion is not supported by appellant's deposition which demonstrates a clear memory except for short term loss. (Appellant's deposition at p. 46).
The essential issue is whether alleged facts were presented to the trial court indicating a breach of duty of appellees to appellants.
The existence of a duty is an essential element of negligence action.Grover v. Eli Lilly and Company (1992), 63 Ohio St.3d 756.
The foreseeability of injury is obviously a factor to consider under appropriate circumstances. An injury is foreseeable if a reasonably prudent person, under like or similar circumstance knew or should have known that an act or nonperformance of an act was likely to result in harm. Summers v. Bentley Construction Co. (1992), 64 Ohio St.3d 642.
Here, appellants assert that, because appellee had authority to postpone or cancel the race, that a duty to appellant existed. The defect in this argument is that the weather had cleared considerably at starting time. Lightning flashes were to the north. Appellant did not believe that danger was present. (Appellant's deposition at p. 47). Also, if such became a concern, he believed policy dictated that he go to a vehicle. (Appellant's deposition at p. 40-41).
Appellant argues that severe electrical storm activity was present, but his deposition does not support this conclusion.
Appellee has reviewed certain theories and applicable cases such as injury to subcontractors, and inherently dangerous activity.
These are not applicable under the facts and the appellant being a subcontractor has not been argued.
The only aspect of appellant's position which is close to the decisions in this line of cited cases is one of control by appellee. The control asserted is that appellant was included with the use of the facilities and appellees retained the exclusive ability to cancel or postpone the triathlon.
However, no direction occurred. It can only be argued that appellee possessed a general authority to cancel or postpone. In this narrow regard the language of Wellman v. East Ohio Gas Co. (1953),160 Ohio St. 103 is pertinent even though, it is a subcontractor case. It holds that active participation by the contractor as opposed to a general supervisory role is required.
The facts in the case sub judice indicate that Roger Chapple chose to work outside and felt that no danger existed. (Appellant's deposition at p. 41-42).
Roger Chapple believed that park rules provided that he wait in a vehicle if a weather danger existed, (Appellant's deposition at p. 40-41) even though Mr. Hart disputes the existence of such a policy in his deposition.
As stated before, Roger Chapple had no contact with appellees and nothing in any deposition supports direction by appellees.
It is asserted that lightning was present during the race and the affidavit of Mr. Williamson is relied on for this assertion. However, such affidavit also places the lightning to the north of the race event.
It is also stated that appellees had no access to weather information. However, Mr. Sheard's deposition indicated that amateur radio operators were at the race and would provide such data if such need arose. (Sheard deposition at p. 38).
The facts which the trial court had available is that Mr. Chapple was employed by and paid by O.D.N.R. His worker's compensation claim was filed as such rather than as a loaned employee to appellees.
It is accurate, however, that an employee may institute a third-party negligence action even though a worker's compensation claim has been filed. George v. City of Youngstown (1942), 139 Ohio St. 391.
The essence of appellant's claim is that appellee had the authority to postpone or cancel the race and that the race was commenced under dangerous weather conditions.
We must disagree with the Assignment of Error and conclude, as the trial court did, that there is insufficient support for the existence of a duty, control of the activities of appellant, nor negligence of appellee.
We therefore affirm the decision of the trial court.
Boggins, J., Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Delaware County, Ohio, is affirmed. Costs to Appellant.