JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Lawrence Miles appeals his conviction of felonious assault in the Cuyahoga County Common Pleas Court asserting that the verdict is against the manifest weight of the evidence. Defendant also asserts that the trial court erred in excluding evidence of prior violent conduct of the victim and that his trial counsel was deficient in various respects. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: On November 9, 2001, defendant fired a gun at Jim Bontempo ("Bontempo"), his son-in-law.
 {¶ 3} For four years prior to the shooting, the defendant, Jim Bontempo, and his wife, Judith Bontempo (also the defendant's daughter), had been involved in a bitter civil property dispute over land that abutted both the Bontempo's property and the defendant's property. The property, once owned by the defendant, had been deeded to Jim Bontempo and his wife several years prior. There was a restraining order in effect that prevented both parties from blocking ingress or egress to the property.
 {¶ 4} On the morning of November 9, 2001, defendant parked his car on this disputed property in such a way that it blocked Bontempo's egress from his property. Upon seeing the location of the defendant's car, Bontempo drove his car over the defendant's property and parked his car in front of the defendant's car. Bontempo then got his video camera to videotape the position of the cars. The defendant, seeing Bontempo driving his car over his property, came out of this house. The following events were then video recorded by Bontempo: Defendant approached Bontempo and said, "ya know, I can shoot you just for doing that." After making this statement, defendant went inside his house and got a camera and a gun. Defendant placed the camera in his hand and the gun inside his jacket. The defendant again approached Bontempo, who was standing behind a fence, and told him "do you know how close to death you are, do you know how close to death you are, do you want it, do you want it." Bontempo, only seeing the camera in the defendant's hand, responded, "It's your choice, it's your choice." Defendant pulled out his gun. Bontempo turned and ran away from the defendant, who fired two shots at the fence where Bontempo had been standing. Bontempo's wife called 911 when Bontempo got inside the house.
 {¶ 5} On December 7, 2001, defendant was indicted on one count of felonious assault with two firearm specifications, in violation of R.C.2903.11. Defendant entered a plea of not guilty at his arraignment and his case proceeded to a jury trial.
 {¶ 6} At trial, the State alleged that defendant knowingly attempted to cause harm to Bontempo after getting into an argument with him. Defendant asserted self-defense.
 {¶ 7} The State first presented the testimony of the victim, Jim Bontempo. He testified that he did not get along with the defendant due to the property dispute. He testified that on the day of the incident, he got into a fight with the defendant, that the defendant threatened him and then pulled a gun on him. He testified that upon seeing the gun, he turned and fled into his house and asked his wife to call 911. He testified that if he had not turned and run, he would have been shot in the chest. On cross-examination, defendant's attorney attempted to elicit testimony from Bontempo that the police had been at his house numerous times in the past; however, the trial court disallowed the testimony.
 {¶ 8} The State then called Judith Bontempo, the victim's wife and the defendant's daughter. She testified that she did not get along with the defendant due to the property dispute. She testified that she called 911 after her husband told her that the defendant had just shot at him.
 {¶ 9} The State called Sergeant John Whipkey, Officer Mike Billett and Patrolman William Seelbach of the Cleveland Police Department. Each testified that they responded to the scene, spoke with Bontempo, his wife, and the defendant shortly after the shooting. Each testified that the defendant denied having a gun. Each testified that, on information learned from Bontempo and his wife, they found the gun in a secret compartment inside the defendant's house. Officer Billett and Patrolman Seelbach both testified that defendant told them he had the gun to protect himself and that he was "going to get him [Bontempo] before he [Bontempo] gets me."
 {¶ 10} Detective Mickey Schank of the Cleveland Police Department testified that he arrived at the scene to collect evidence and take photographs. He testified that he spoke with the defendant, who denied having a weapon.
 {¶ 11} Finally, Detective Nathan Willson of the Cleveland Police Department testified that he examined the gun recovered from the defendant's home and found it to be operable.
 {¶ 12} The defense presented four witnesses: David Miles, Alvin Miles, Diane Miles and the defendant. David, the defendant's 49-year-old son, testified that his father was a truthful man. Alvin, the defendant's 42-year-old son, similarly testified that his father had a reputation for honesty and truthfulness. Diane, the defendant's 52-year-old daughter, testified that she was in the house on the day of the incident. She testified that she heard the defendant and Bontempo screaming and fighting about the parking situation and that shortly thereafter the defendant came into the house, told her that Bontempo had a gun, told her he had to get his gun and asked her to call 911. She testified that she called 911 and told them that her father had gone outside with his gun.
 {¶ 13} Finally, defendant testified on his own behalf. He testified that on the day of the incident he got into a fight with Bontempo because Bontempo's car was blocking his ingress to his property. He testified that he thought Bontempo was carrying a gun instead of a camera and believed that he was going to shoot him. He testified that he went into his house and got his gun and then went back outside. He testified that he shot into the fence near where Bontempo was standing after he saw Bontempo point his gun at him. He also testified that he had no intent to hit Bontempo and did not want to hurt him. He stated that he only shot at the fence so that Bontempo would not hurt him.
 {¶ 14} On May 2, 2002, the jury found defendant guilty of felonious assault with two firearm specifications. On May 30, 2002, the trial court imposed the minimum sentence.
 {¶ 15} Defendant appeals the verdict and raises three assignments of error which we review out of order where appropriate.
 {¶ 16} "II. Trial court erred in not allowing testimony from the victim while under cross-examination that related to other specific acts that needed police intervention."
 {¶ 17} In his second assignment of error, defendant argues that the trial court erred when it failed to allow the victim to testify about other instances of violent conduct. We disagree.
 {¶ 18} The admission or exclusion of relevant evidence lies within the discretion of the trial court and will not be reversed on appeal unless the trial court has abused its discretion. State v. Combs (1991),62 Ohio St.3d 278, 284. An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983), 5 Ohio St.2d 217.
 {¶ 19} Generally, evidence about a person's character is inadmissible for the purpose of proving he acted in conformity therewith on a particular occasion. Evid.R. 404(A). However, a defendant arguing self-defense may testify about specific instances of the victim's prior violent conduct in order to establish his state of mind at the time of the incident. State v. Baker (1993), 88 Ohio App.3d 204. This exception has not been expanded to include witnesses other than the defendant. SeeState v. Fitch, 2002 Ohio 4891; State v. Banks (June 15, 2000), Cuyahoga App. No. 76721. Accordingly, the trial court did not err in refusing to allow Bontempo to testify about prior incidents of violent behavior. Id. Defendant's second assignment of error is overruled.
 {¶ 20} "I. Mr. Miles was denied his rights to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendment to the United States Constitution when his attorney failed to present evidence of the defendant's state of mind through evidence of the specific instances of victim conduct and other testimony to prove the defendant's state of mind defendant's [sic]."
 {¶ 21} In his first assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to the effective assistance of counsel. We disagree.
 {¶ 22} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id., at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court.Strickland, supra.
 {¶ 23} Defendant first argues that his trial counsel performed deficiently by failing to proffer the testimony that Bontempo would have given about other incidents of violent conduct that required police intervention. We disagree. In the previous assignment of error, this testimony was held to be inadmissible. Since the testimony was properly excluded, counsel's failure to proffer was not prejudicial. Thus, defendant was not rendered ineffective assistance of counsel. SeeBradley, supra.
 {¶ 24} Next, defendant claims that he was prejudiced when his trial counsel failed to elicit testimony from him on direct examination about previous incidents of violent conduct with Bontempo that would have revealed his state of mind at the time of the shooting. In the previous assignment of error, we held that a defendant, when arguing self-defense, may testify about specific instances of the victim's prior violent conduct in order to establish his state of mind at the time of the incident. See Ibid. Thus, defendant could have testified about prior instances of violence with Bontempo to show his state of mind. However, defendant failed to supplement the record before the trial court or provide an affidavit describing what he would have testified to. Accordingly, we have nothing in the record to analyze whether any statements made by defendant would have established that defendant was justified in using a gun in self-defense against Bontempo. For this reason, we find defendant is unable to show prejudice under the second prong of Strickland.
 {¶ 25} Defendant's first assignment of error is overruled.
 {¶ 26} "III. The verdict of the jury finding the appellant guilty of felonious assault was against the manifest weight of the evidence."
 {¶ 27} In his third assignment of error, defendant argues that his conviction for aggravated assault is against the manifest weight of the evidence. We disagree.
 {¶ 28} In determining whether a criminal conviction is against the manifest weight of the evidence, this Court must examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins (1997),78 Ohio St.3d 380. This Court should grant a new trial only in an exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230. If the jury's verdict is supported by sufficient competent and credible evidence going to each essential element of the crime charged, this Court may not reverse. Id.
 {¶ 29} Here, defendant was convicted of felonious assault in violation of R.C. 2903.11, which provides that no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon.
 {¶ 30} Although not specifically denoted in defendant's appellate brief, defendant's argument with respect to this assignment of error seems to be that the weight of the evidence required the trial court to return a not guilty verdict based on the affirmative defense of self defense.
 {¶ 31} To establish self-defense, defendant must show: (1) that he was not at fault in creating the situation giving rise to the affray; (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that he must not have violated any duty to retreat or avoid the danger. State v. Williford, supra at 247.
 {¶ 32} At trial, the jury heard Bontempo, the defendant's son-in-law and victim, testify that defendant shot at him after they got into an argument over the location of each other's cars. The jury also saw a videotape of the events that transpired on the day in question. Defendant testified on his own behalf. He testified that he thought Bontempo was carrying a gun and believed that he was going to shoot him.
 {¶ 33} After reviewing the record, weighing the evidence and considering the credibility of the witnesses, we find that the jury did not clearly lose its way pursuant to Thompkins, supra. We find there to be substantial, competent, credible evidence upon which the jury could base its decision that defendant was not acting in self-defense at the time of the shooting and was guilty of felonious assault beyond a reasonable doubt. From the evidence adduced at trial, the jury could have easily concluded that defendant was at fault in creating the situation giving rise to the affray or that he did not adequately withdraw from the affray. The jury was free to believe the State's witnesses over defendant's own testimony. See State v. Thomas (Aug. 25, 1994), Cuyahoga App. No. 65300. Accordingly, we conclude defendant's conviction for felonious assault is not against the manifest weight of the evidence.
 {¶ 34} Defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and SEAN C. GALLAGHER, J., concur.