JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Ganley Lincoln Mercury ("Ganley") appeals the trial court's decision denying its motion to stay proceedings pending arbitration. For the following reasons, we reverse and remand.
 {¶ 3} The record reveals the following facts: On August 25, 2001, plaintiff-appellee Steven D. Walker ("Walker") entered into an agreement to purchase a 1997 Ford Explorer from Ganley for $19,450.83. The purchase agreement contained an arbitration provision.
 {¶ 4} On October 26, 2004, Walker filed a complaint against Ganley alleging fraud and negligent misrepresentation. Specifically, Walker alleged that Ganley concealed the fact that the vehicle was a recovered stolen and/or salvage vehicle and that this concealment drastically reduced the value of the vehicle.
 {¶ 5} On December 3, 2004, Ganley filed a motion to stay proceedings based on the arbitration provision contained in the Purchase Agreement. Walker did not file a brief in opposition. Rather, he requested an additional 90 days within which to respond to Ganley's motion to stay.
 {¶ 6} On January 18, 2005, the trial court denied Ganley's motion to stay without opinion.[1] It is from this order that Ganley timely appeals and raises one assignment of error for our review.
 {¶ 7} "I. The trial court abused its discretion and committed prejudicial error in denying without opinion the motion for stay of proceedings fled [sic] by appellant."
 {¶ 8} We review the denial of a motion to stay proceedings pending arbitration under an abuse of discretion standard. An abuse of discretion is defined as a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in judgment. Blakemore v.Blakemore (1983), 5 Ohio St.2d 217.
 {¶ 9} In general, arbitration is encouraged as a method to settle disputes. ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498. However, courts will not enforce arbitration clauses if the parties did not agree to the provision or it is found to be unconscionable. See Ervin v.American Funding Corp. (1993), 89 Ohio App.3d 519; Sutton v. LauraSalkin Bridal Fashions (Feb. 5, 1998), Cuyahoga App. No. 72107.
 {¶ 10} Here, there was no evidence before the trial court as to the circumstances surrounding the nature and execution of the arbitration provision, since Walker did not file a brief in opposition to Ganley's motion to stay proceedings pending arbitration. Accordingly, this matter must be reversed and remanded in order to develop additional facts as to whether (1) Walker knew or voluntarily assented to binding arbitration, (2) Walker made a knowledgeable, meaningful choice, or (3) any true agreement ever existed between Walker and Ganley to submit any disputes to arbitration. See Benson v. Spitzer Management, Inc., Cuyahoga App. No. 83558, 2004-Ohio-4751; Sikes v. Ganley Pontiac Honda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155; Herman v. Ganley Chevrolet, Inc., Cuyahoga App. Nos. 81143 and 81272, 2002-Ohio-7251.
 {¶ 11} Ganley's sole assignment of error is sustained.
 {¶ 12} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., concur.
[1] The trial court also denied Walker's motion for additional time as moot.