OPINION
{¶ 1} Plaintiff-appellant, The Taylor-Winfield Corporation (Taylor-Winfield), appeals the decision of the Mahoning County Common Pleas Court granting a motion to stay filed by defendant-appellee, Winner Steel, Inc. (Winner Steel), pending arbitration of a contractual dispute between the two parties.
 {¶ 2} Winner Steel is in the business of purchasing and processing or galvanizing steel that it in turn re-sells. Winner Steel also provides this service to other companies. According to Winner Steel, it undertook an expansion project to install a third galvanizing line. A critical component of that line was a welder it purchased from Taylor-Winfield. On January 17, 2003, Taylor-Winfield and Winner Steel entered into a "Welder Supply Agreement" (welder agreement) under which Taylor-Winfield sold a welder to Winner Steel for $790,000.00. Article 20 of the agreement, entitled "Arbitration," states:
 {¶ 3} "Should a dispute arise between [Winner Steel] and [Taylor-Winfield], the matter shall be settled through arbitration under the rules set forth by the American Arbitration Association, with Arbitration to be held in the Commonwealth of Pennsylvania, in the Courts of Mercer County."
 {¶ 4} Subsequently, Winner Steel believed that the welder was not performing as designed or intended. After Taylor-Winfield was unable to resolve the issues to Winner Steel's satisfaction, Winner Steel sued Taylor-Winfield in April 2005 in the Mercer County Common Pleas Court, Pennsylvania for spare and replacement parts associated with the welder. Winner Steel withdrew the lawsuit and instead filed a demand for arbitration.
 {¶ 5} According to Taylor-Winfield, it also sold equipment, parts, and services to Winner Steel separate and independent of the welder agreement for which Winner Steel owed it $109,214.04. Taylor-Winfield filed a complaint against Winner Steel in the Mahoning County Court of Common Pleas, seeking the money it felt it was owed.
 {¶ 6} Winner Steel moved to dismiss the complaint for a lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1), arguing that the trial court did not have *Page 2 
jurisdiction over the parties' dispute because it was subject to arbitration under the agreement. The trial court granted Winner Steel's Civ.R. 12(B)(1) motion to dismiss and Taylor-Winfield appealed that decision here.
 {¶ 7} This Court reversed and remanded finding:
 {¶ 8} "[C]ourts of common pleas have original jurisdiction over most civil matters and that jurisdiction is not affected by the fact that certain issues are subject to arbitration. If there are issues in an action which are subject to arbitration, a party can move that the trial court stay trial and refer those issues to arbitration. This is the procedure which should have been followed in this case." Taylor WinfieldCorp. v. Winner Steel, Inc., 7th Dist. No. 05 MA 191, 2006-Ohio-4608, at ¶ 1.
 {¶ 9} On remand, Winner Steel filed an answer asserting affirmative defenses, including that the dispute was subject to arbitration under the welder agreement. On September 28, 2006, Winner Steel filed a motion to stay the case pending arbitration. Winner Steel claimed that the welder it purchased from Taylor-Winfield had not performed as warranted and that Taylor-Winfield's complaint for monies due stemmed from that dispute.
 {¶ 10} The trial court granted the motion on October 6, 2006. Taylor-Winfield filed a brief in opposition to Winner Steel's motion to stay on October 12, 2006. Taylor-Winfield then filed a motion for reconsideration of the trial court's October 6, 2006 judgment entry. Taylor-Winfield argued that it filed its response in accordance with the fourteen day time limit set by Mahoning County Common Pleas Court Local Rule 4, but the trial court nonetheless made its determination without it. The trial court overruled the motion for reconsideration. This appeal followed.
 {¶ 11} Taylor-Winfield raises four assignments of error. Due to the interrelated nature of Taylor-Winfield's first and third assignments of error, they will be addressed together. They state, respectively:
 {¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED WINNER STEEL'S MOTION TO STAY CASE PENDING ARBITRATION BECAUSE THE ISSUE INVOLVED IN THE ACTION IS NOT REFERABLE TO ARBITRATION *Page 3 
UNDER THE AGREEMENT."
 {¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED WINNER STEEL'S MOTION TO STAY CASE PENDING ARBITRATION WITHOUT CONDUCTING AN EVIDENTIARY HEARING BECAUSE THE EVIDENCE BEFORE THE COURT REQUIRED IT TO HOLD SUCH A HEARING BEFORE RULING ON THE MOTION."
 {¶ 14} Taylor-Winfield argues that Winner Steel presented no evidence to the trial court that Taylor-Winfield's claim is referable to arbitration under the agreement. Taylor-Winfield asserts that it presented evidence in its motion in opposition to the motion to stay that its claims for non-payment related to goods and services it sold to Winner Steel were separate and independent of the agreement. Taylor-Winfield maintains that all the charges that were incurred under the agreement have been paid in full and are not the subject of the present action.
 {¶ 15} Winner Steel responds that the trial court did not abuse its discretion in granting the stay. Winner Steel argues that the arbitration provision in the welder agreement was extremely broad and unlimited, therefore, encompassing Taylor-Winfield's claim. As evidence that Taylor-Winfield's claim raised issues referable to arbitration, Winner Steel refers specifically to Exhibit A attached to Taylor-Winfield's complaint. According to Winner Steel, Exhibit A lists unpaid account balances specifically identified by Taylor-Winfield as being subject to the agreement. Winner Steel also cites various cases which reaffirm Ohio's courts' favorism towards arbitration.
 {¶ 16} R.C. 2711.02(B) provides:
 {¶ 17} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with *Page 4 
arbitration."
 {¶ 18} A trial court's decision whether to grant a stay under this section is reviewed under an abuse of discretion standard. Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. See, also, Walker v. Ganley Lincoln Mercury, Inc., 8th Dist. No. 85941,2005-Ohio-3732. ?`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State ex rel. Cranford v. Cleveland,103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24.
 {¶ 19} R.C. 2711.02 does not necessarily require an evidentiary hearing. Cross v. Carnes (1998), 132 Ohio App.3d 157, 166,724 N.E.2d 828. Rather, the trial court must be "satisfied" that the dispute is referable to arbitration under such an agreement. Id. One method to ensure that is to hold an evidentiary hearing on the matter. Id.
 {¶ 20} There is no dispute between the parties as to the existence of the welder agreement. The central issue then is whether Taylor-Winfield's complaint involves an issue referable to arbitration. In general, Taylor-Winfield maintains that its complaint sought money due for equipment, parts, and services it sold to Winner Steel separate and independent of the welder agreement. In contrast, Winner Steel sees Taylor-Winfield's complaint arising out of a dispute over the welder which was the subject of the January 17, 2003 agreement.
 {¶ 21} In its motion to stay, Winner Steel attached the affidavit of its chief financial officer, Charles R. Miller (Miller). Miller stated that Winner Steel purchased a welder from Taylor-Winfield under the January 17, 2003 agreement. Miller contended that the welder did not perform as required, that Taylor-Winfield was unable to get it to operate "reliably or consistently," and that Taylor-Winfield refused to supply Winner Steel with spare and replacement parts in accordance with the agreement.
 {¶ 22} Miller then went on to explain how this situation led to litigation. Winner Steel sued Taylor-Winfield in April 2005 in the Mercer County Common Pleas Court, Pennsylvania for the spare and replacement parts. Winner Steel withdrew the lawsuit *Page 5 
and instead filed a demand for arbitration with the American Arbitration Association. Taylor-Winfield challenged the enforceability of the arbitration clause because of Winner Steel's initiation of litigation in Mercer County Common Pleas Court. The arbitrator issued a decision denying Taylor-Winfield's challenge and found that Winner Steel had not waived its right to arbitrate. The status of that arbitration remains unclear.
 {¶ 23} Taylor-Winfield attached to its complaint a financial "customer history" of its dealings with Winner Steel as Exhibit A. In a spreadsheet format utilizing rows and columns, the "customer history" details invoiced amounts that Taylor-Winfield billed to Winner Steel and amounts that Winner Steel paid on those invoiced amounts. Each invoiced amount billed to Winner Steel also listed an attendant purchase order number or reference. Some of the invoiced amounts specifically reference the January 17, 2003 welder agreement. Others appear to use a purchase order number. The last column on the page reflects the running balance outstanding. At the bottom of that column, the ending balance outstanding is $109,214.00, the exact amount which Taylor-Winfield sought in its complaint.
 {¶ 24} In its brief in opposition to Winner Steel's motion to stay, Taylor-Winfield attached the affidavit of its director of marketing, Blake H. Rhein (Rhein). Rhein stated that Taylor-Winfield sold goods and services to Winner Steel since January 2003. According to Rhein, some of those goods and services were sold under the agreement for the purchase of the welder. He also stated that other goods and services were sold by Taylor-Winfield to Winner Steel separate and independent of that agreement. Referring to the "customer history" report, Rhein contended that Winner Steel paid all of the amounts referenced to the welder agreement. He maintained that all other amounts billed to Winner Steel were for goods and services sold to Winner Steel "in response to a Winner Steel, Inc. purchase order or an oral request from an employee of Winner Steel, Inc." (Exhibit 2, Affidavit of Blake W. Rhein, ¶ 4.) Additionally, Rhein's take on the Pennsylvania litigation was that Taylor-Winfield did not provide Winner Steel with the parts because it "deemed itself *Page 6 
insecure as a result of" Winner Steel's failure to pay its obligations in a "timely manner." (Exhibit 2, Affidavit of Blake W. Rhein, ¶ 5.)
 {¶ 25} Contrary to Winner Steel's assertion, "ample evidence" is lacking that the issue involved in Taylor-Winfield's complaint is referable to arbitration. Rather the evidence is very conflicting. Taylor-Winfield maintains that the dispute concerns nonpayment of good and services purchased by Winner Steel independent and separate of the welder agreement. Winner Steel maintains that the dispute concerns Taylor-Winfield's failure to supply parts under the welder agreement.
 {¶ 26} The "customer history" report, while helpful, does not tell the whole financial story. The invoiced amounts connected with the welder agreement total $801,243.00, while the amounts paid connected with the welder agreement total only $719,000. While it is clear that Winner Steel owes Taylor-Winfield money according to the "customer history" report, it is not clear whether all or a portion of that amount is tied to the welder agreement. Again, even acknowledging Winner Steel's assertion that the arbitration provision of the welder agreement was very broadly drafted, there is still a question of whether Taylor-Winfield's claim for monies due arose from that agreement.
 {¶ 27} Given the lack of evidence and information that the trial court had before it at the time it decided Winner Steel's motion and the subsequent conflicting nature of the evidence as highlighted by Taylor-Winfield's response, the trial court abused its discretion in deciding Winner Steel's motion before considering Taylor-Winfield's response and without holding an evidentiary hearing on the matter.
 {¶ 28} Accordingly, Taylor-Winfield's first and third assignments of error are with merit.
 {¶ 29} Taylor-Winfield's fourth assignment of error states:
 {¶ 30} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED WINNER STEEL'S MOTION TO STAY CASE PENDING ARBITRATION WITHOUT ALLOWING TAYLOR-WINFIELD TIME TO OPPOSE THAT MOTION AS REQUIRED BY MAHONING COUNTY COURT OF COMMON PLEAS LOCAL RULE *Page 7 
4."
 {¶ 31} Winner Steel filed its motion to stay on September 28, 2006. The trial court ruled on the motion in Winner Steel's favor just seven days later on October 5, 2006. Taylor-Winfield maintains that under Loc.R. 4(c)(2) of the Mahoning County Common Pleas Court, General Division, it had fourteen days to file a brief in opposition to Winner Steel's motion to stay. Taylor-Winfield filed its responsive brief on October 12, 2006, within the fourteen day time period set forth in the local rule.
 {¶ 32} Winner Steel argues that even if the trial court erred by ruling on its motion before the expiration of the fourteen day time period, the error was harmless because Taylor-Winfield did file a responsive brief in connection with its motion for reconsideration and with this appeal.
 {¶ 33} Loc.R. 4(C)(2) states:
 {¶ 34} "Opposition briefs shall be filed no later than fourteen (14) days from the date of filing of a motion unless, with leave of Court, an extension is granted. Motions may be heard and ruled upon the day following the cut-off for filing briefs."
 {¶ 35} Taylor-Winfield cites Riccio v. Zayre Dept. Stores (June 18, 1981), 8th Dist. No. 43224, where the Eighth District Court of Appeals interpreted a similar rule of the Cuyahoga County Common Pleas Court. InRiccio, the Court stated:
 {¶ 36} "Under Rule 11 of the local Rules of the Cuyahoga County Court of Common Pleas, once a motion is filed with the court for consideration, a party opposing such motion has seven (7) days within which to file a brief in opposition to the motion. * * * When the trial court rules on a motion without affording the party opposing the motion an adequate opportunity to file a brief in opposition to the motion under Local Rule 11, the trial court's ruling on the motion is premature and constitutes judicial error." (Internal footnote omitted.)
 {¶ 37} In Barnes v. Hood (Dec. 21, 1992), 7th Dist. No. 91 C.A. 224, cited by Taylor-Winfield, plaintiff filed a complaint for declaratory judgment which asked the trial court to declare that plaintiff had an implied easement for the use of water from a well on defendant's property which was located next to plaintiff's property. Plaintiff *Page 8 
obtained default judgment after the defendants failed to respond in any way. A couple of weeks later, defendants filed a motion to vacate the default judgment pursuant to Civ.R. 60(B)(1) on the grounds of mistake, inadvertence, and excusable neglect. In support of the motion, one of the defendants attached an affidavit maintaining that they believed counsel had been engaged on their behalf. They also asserted a meritorious defense claiming that plaintiff had only a license to use the well and not a permanent easement. The trial court granted defendants' motion that same day.
 {¶ 38} On appeal to this Court, plaintiff argued that the trial court erred in sustaining defendants' motion for relief from judgment on the day it was filed rather than ruling on it fifteen days from the date of filing. Citing Loc.R. 4(C), this Court acknowledged that it was error for the trial court to grant a motion for relief from judgment the same day it was filed instead of waiting the obligatory fifteen days which would have obviated the need for the appeal. However, this Court reasoned that the error was harmless because the non-movant, or opposition party, "had the opportunity to file such briefs" in the appeal. This Court then affirmed the trial court's decision vacating the default judgment.
 {¶ 39} In this case, there is no dispute that the trial court did not give Taylor-Winfield the fourteen days provided under Loc.R. 4(C)(2) for it to file its opposition brief. Moreover, as distinguished fromBarnes, that error in this case cannot be deemed harmless. As indicated earlier, Taylor-Winfield produced evidence, including an affidavit, which, at the very least, illustrated the need for an evidentiary hearing to fully determine whether its claim was referable to arbitration under the welder agreement. Since the issue of whether Taylor-Winfield's claim was referable to arbitration was not fully developed in the proceedings below, this Court should not consider it for the first time on appeal.
 {¶ 40} Barnes can be distinguished for another reason as well. As we have recognized in subsequent cases involving Civ.R. 60(B) motions, "the preference to hear a case on its merits must be balanced with the necessity of enforcing pleading *Page 9 
rules and deadlines." Benesch, Friedlander, Coplan Arnoff v. CityConcrete, L.L.C., 7th Dist. No. 06 MA 95, 2007-Ohio-33331, at ¶ 7. InBarnes, our finding that the trial court's noncompliance with Loc.R. 4(C) and attendant affirmance of the trial court's decision vacating the default judgment facilitated the preference to hear a case on the merits as opposed to strict adherence to deadlines. Here, however, finding the trial court's noncompliance with Loc.R. 4(C) harmless error would only serve to undermine that principle.
 {¶ 41} Accordingly, Taylor-Winfield's fourth assignment of error has merit.
 {¶ 42} Taylor-Winfield's second assignment of error states:
 {¶ 43} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED WINNER STEEL'S MOTION TO STAY CASE PENDING ARBITRATION BECAUSE, EVEN IF THERE ARE ISSUES IN THE ACTION SUBJECT TO ARBITRATION UNDER THE AGREEMENT, WINNER STEEL WAIVED ITS RIGHT TO ARBITRATE."
 {¶ 44} Taylor-Winfield argues that even if this Court were to find that its claim raised issues referable to arbitration, the Court should still reverse the trial court's ruling granting Winner Steel's motion to stay because Winner Steel waived its right to arbitrate. Specifically, Taylor-Winfield argues that Winner Steel waived its right to arbitration when it initiated the legal proceedings in Mercer County Common Pleas Court.
 {¶ 45} For its part, Winner Steel asserts that the mere filing of a lawsuit against another party is not enough to constitute waiver of the right to arbitrate.
 {¶ 46} Due to a choice of law provision in the welder agreement, both parties seem to be in agreement that Pennsylvania law governs resolution of this issue of waiver of the right to arbitrate. Article 23 of the welder agreement entitled "Miscellaneous," states in pertinent part:
 {¶ 47} "This Agreement and any exhibit attached pursuant thereto shall be governed by the laws of the Commonwealth of Pennsylvania and any legal matters pertaining to this contract will be here [sic] in the Courts of Mercer County." *Page 10 
 {¶ 48} Under Pennsylvania caselaw, the mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration. KeystoneTechnology Group, Inc. v. Kerr Group, Inc. (2002), 824 A.2d 1223, 1226,2003 PA Super 199, at ¶ 6, citing Kwalick v. Bosacco (1984), 329 Pa.Super 235, 478 A.2d 50. As highlighted by Taylor-Winfield, four factors can be delineated from Keystone Technology Group, Inc. to assist in determining whether there was waiver: (1) the amount of time between the filing of the complaint and the assertion of the right to arbitration; (2) the extent of discovery conducted before the right to arbitration is asserted; (3) whether any prejudice has been caused; and (4) whether any undue advantage has been gained. Id.
 {¶ 49} Here, there is no question that Winner Steel sued Taylor-Winfield in April 2005 in the Mercer County Common Pleas Court. As indicated earlier, in its brief in opposition to Winner Steel's motion to stay, Taylor-Winfield attached the affidavit of its director of marketing, Blake H. Rhein (Rhein). Concerning the Mercer County Common Pleas Court litigation, Rhein stated that a hearing had been scheduled in that court prior to dismissal of the lawsuit a few days before the hearing. Rhein maintained that Tayor-Winfield incurred legal fees and made preparations to defend its position at the hearing. This, Taylor-Winfield argues, resulted in prejudice to it.
 {¶ 50} Winner Steel argues that little time had elapsed between when Taylor-Winfield filed its complaint and Winner Steel filed its motion to dismiss based on the arbitration provision of the welder agreement. Winner Steel points out that no discovery was conducted prior to the assertion of its right to arbitration. Concerning the prejudice factor, Winner Steel refers to Kwalick, supra, where the court noted that the party opposing arbitration had failed to show any prejudice despite having entered an appearance and filed its answer. Lastly, Winner Steel contends that it did not gain any undue advantage over Taylor-Winfield by filing and dismissing the lawsuit in Pennsylvania. Winner Steel explains that there was no judgment rendered in the Pennsylvania proceedings and no legal right was lost or compromised. *Page 11 
 {¶ 51} Taylor-Winfield does not appear to take issue with the nonexistence of the first, second, and fourth factors, instead focusing on the third factor of prejudice. However, Taylor-Winfield has failed to establish such prejudice. Winner Steel dismissed its lawsuit in Pennsylvania prior to the hearing. The preparation and legal fees incurred had to be minimal. And if they were not, Taylor-Winfield has made no effort to detail or document those expenses.
 {¶ 52} Accordingly, Taylor-Winfield's second assignment of error is without merit.
 {¶ 53} The judgment of the trial court is hereby reversed and remanded with instructions to fully consider Taylor-Winfield's brief in opposition to Winner Steel's motion to stay, conduct an evidentiary hearing regarding the motion, and render judgment according to law and consistent with this Court's opinion.
 Vukovich, J., concurs. Waite, J., concurs. *Page 1