OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Crockett Homes, Inc., appeals the decision of the Columbiana County Court of Common Pleas that lifted a stay of proceedings pending arbitration. On appeal, Crockett Homes argues that the arbitration provision was valid and enforceable and, therefore, that the trial court erred when it granted the motion made by Plaintiffs-Appellees, Daniel and Nikki Reynolds, to dispense with the arbitration. The Reynolds counter that the arbitration provision is unenforceable because it is unconscionable.
 {¶ 2} At the trial court level, the Reynolds also argued that the trial court should lift the stay because the provision was unconscionable. The trial court did lift the stay, but did not specifically rule that the arbitration provision was unconscionable; rather finding it was "ambiguous and therefore confusing." It is unclear from that language whether the trial court intended to rule that the provision was unenforceable due to its unconscionability. According to Ohio law, an arbitration agreement must be enforced unless there are grounds that exist at law or in equity for the revocation of any contract. R.C. 2711.01(A). One such ground is unconscionability. SeeTaylor Bldg. Corp. of America v. Benfield, 117 Ohio St.3d 352,2008-Ohio-938, 884 N.E.2d 12, at ¶ 33. Neither the trial court, nor the Reynolds have cited a case where a court has struck down an arbitration provision due to ambiguity alone.
 {¶ 3} Assuming arguendo the trial court in this case set aside the arbitration provision due to unconscionability, there is simply not enough evidence in the record to facilitate our de novo review of this issue. There is no evidence indicating the age, education, intelligence, business acumen and experience or relative bargaining power of the parties; whether the terms were explained to the Reynolds; whether the parties could have altered the printed terms; whether there was an alternative source of the goods which the Reynolds were purchasing; or who drafted the agreement. Further, there is no evidence demonstrating whether the terms of the agreement are commercially reasonable. Moreover, the arbitration provision at issue is part of a larger warranty agreement, the entirety of which has not been included in the record. *Page 2 
Accordingly, the trial court's decision to lift the stay is reversed and we remand this case so that the record may be more fully developed and that trial court can rule on the issue of unconscionability.
 Facts {¶ 4} On June 5, 2003, the Reynolds entered into an agreement with Crockett Homes for the construction of a single family residence in Leetonia, Ohio. Construction on that home was completed in February 2004, at which time the Reynolds moved into that home.
 {¶ 5} The Reynolds experienced problems with the home and informed both Crockett Homes and the company warranting the house of those problems in November 2004. The problems were apparently not resolved and the Reynolds filed a complaint against Crockett Homes alleging violations of the Ohio Consumer Sales Practices Act, breach of contract, fraud, and negligence. Crockett Homes moved to stay proceedings pending arbitration, pursuant to an arbitration provision contained within the home warranty agreement. The trial court granted that motion on March 9, 2007.
 {¶ 6} On September 28, 2007, the Reynolds moved to dispense with arbitration, arguing that the company who was to perform the arbitration refused to abide by the contract binding it. Crockett Homes disagreed, contending that the Reynolds had not properly requested arbitration because they had not submitted a proper arbitration fee. The Reynolds countered that they did submit the proper fee amount. The Reynolds further argued that the arbitration provision was unconscionable and urged the court to lift the stay on those grounds. Alternatively, the Reynolds requested a hearing to determine the issue of unconscionability.
 {¶ 7} On January 16, 2008, the trial court granted the Reynolds's motion without further hearing. It concluded that the Reynolds had made "good faith" attempts to seek arbitration, but "that the arbitration provisions are ambiguous and confusing" and that this ambiguity meant that the arbitration provisions were "not designed to expeditiously resolve this matter." The trial court therefore set aside the *Page 3 
arbitration provision.
 Enforceability of the Arbitration Provision {¶ 8} Crockett Homes asserts as its sole assignment of error:
 {¶ 9} "The trial court erred in ruling that the arbitration provision contained in the agreement between the parties is ambiguous and confusing and, as a result, that the provision should be set aside."
 {¶ 10} Crockett Homes contends that the arbitration agreement in this case is valid and enforceable and, therefore, the trial court erred when it lifted the stay pending arbitration. The Reynolds counter that the arbitration clause is unenforceable because it is substantively and procedurally unconscionable. They contend that the trial court correctly decided to lift the stay pending arbitration.
 {¶ 11} A trial court's decision whether to grant a stay under R.C. 2711.02 is generally reviewed under an abuse of discretion standard.Taylor-Winfield Corp. v. Winner Steel, Inc., 7th Dist. No. 06-MA-176,2007-Ohio-6623, at ¶ 18. However, "the proper standard of review of a determination of whether an arbitration agreement is enforceable in light of a claim of unconscionability is de novo." Taylor Bldg. Corp. ofAmerica at ¶ 2. In such a case, any related factual findings made by the trial court must be afforded appropriate deference. Id.
 {¶ 12} In this case, we exercise de novo review because the Reynolds argued that the arbitration provision was unenforceable due to unconscionability. We note, as an initial matter, that the trial court did not specifically rule that the provision was unconscionable; rather finding it to be "ambiguous and therefore confusing." It is unclear from that language whether the trial court intended to rule that the provision was unenforceable due to its unconscionability.
 {¶ 13} According to R.C. 2711.01(A) a trial court must enforce an arbitration agreement "except upon grounds that exist at law or in equity for the revocation of any contract." Taylor Bldg. Corp. ofAmerica at ¶ 33. One such ground is unconscionability. Id. Neither the trial court, nor the Reynolds cite any cases where an arbitration agreement was declared unenforceable due to ambiguity alone. And as *Page 4 
we have not found any authority supporting invalidating an arbitration clause on ambiguity alone, we will not do so here. Regardless, even assuming that the trial court did intend to rule that the provision was unconscionable, there is simply not enough evidence in the record to facilitate our de novo review of this issue.
 {¶ 14} "In order to determine whether a contract provision is unconscionable, courts must examine the facts and circumstances surrounding the agreement." Peltz v. Moyer, 7th Dist. No. 06BE11,2007-Ohio-4998, at ¶ 43. When engaging in this analysis, a court must read an agreement in its entirety and construe it against the drafting party. Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150, 2004-Ohio-0829, 809 N.E.2d 1161, at ¶ 35.
 {¶ 15} An arbitration clause is unconscionable where the, "`clauses involved are so one-sided as to oppress or unfairly surprise [a] party.'" Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 312, 610 N.E.2d 1089, quoting Black's Law Dictionary (5th Ed.Rev.1979) 1367. In order to support a finding of unconscionability, a party must offer evidence that a contract is both procedurally unconscionable, indicating that no voluntary meeting of the minds was possible, and substantively unconscionable, meaning that it contains unfair or unreasonable terms. Eagle at ¶ 30.
 {¶ 16} When determining whether a contractual clause is procedurally unconscionable, a court must look to factors bearing on the relative bargaining position of the contracting parties, which include the "`age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question.'" Peltz v. Moyer, 7th Dist. No. 06BE11,2007-Ohio-4998, at ¶ 50, quoting Collins v. Click Camera Video,Inc. (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294, quotingJohnson v. Mobil Oil Corp. (E.D.Mich. 1976), 415 F.Supp. 264, 268. The party claiming a contract is unconscionable must introduce some "actual evidence" regarding these factors before a court can consider an argument that a *Page 5 
contract is procedurally unconscionable. Id. at ¶ 52.
 {¶ 17} Substantive unconscionability differs from procedural unconscionability because "`no generally accepted list of factors has been developed for this category of unconscionability. However, courts examining whether a particular limitations clause is substantively unconscionable have considered the following factors: the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability.'" Peltz at ¶ 46, quoting Collins at 834. The key is to examine "`factors which relate to the contract terms themselves and whether they are commercially reasonable.'" Id. quoting Collins at 834.
 {¶ 18} In the present case, the arbitration provision was part of a larger warranty agreement, the entirety of which is not included in the record before us. The only evidence in the record comes in the form of exhibits attached to the parties' motions at the trial court level. They include the following: a letter from Mr. Reynolds to Crockett Homes indicating the problems with the home; a letter from Mr. Reynolds to the warranty company making a warranty claim; mail correspondence between the Reynolds's counsel and the warranty company; a copy of a $500.00 check that the Reynolds sent for the arbitration expenses; an affidavit from Crockett Homes CEO; the home construction agreement; the signed application for a residential warranty on new construction; several pages from the warranty agreement, including the provision concerning arbitration; and a statement of the rules governing arbitration.
 {¶ 19} None of these exhibits provide any evidence of the age, education, intelligence, business acumen and experience or relative bargaining power of the parties; whether the terms were explained to the Reynolds, whether the parties could have altered the printed terms; whether there was an alternative source of the goods which the Reynolds were purchasing; or who drafted the agreement. Further there is no evidence demonstrating whether the terms of the agreement are commercially reasonable. Moreover, missing from the record is the complete warranty agreement from which the arbitration provision arises.
 {¶ 20} As such, we do not have enough evidence before us to make a de novo *Page 6 
determination as to whether the arbitration provision is unconscionable. The record is incomplete in this regard. Accordingly, the trial court's decision to lift the stay is reversed and the case remanded so the record may be more fully developed and so that the trial court can properly rule on the issue of unconscionability.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1