[Cite as *French v. Ascent Resources-Utica, L.L.C.*, 2020-Ohio-4719.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

MICHAEL FRENCH ET AL.,

Plaintiffs-Appellees,

v.

ASCENT RESOURCES – UTICA, LLC.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 JE 0015**

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 18-CV-326

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Joshua O'Farrell*, Buckingham, Doolittle & Burroughs, LLC, 4277 Munson Street, NW, Canton, Ohio 44735,  for Plaintiffs-Appellees and

*Atty. Kevin Colosimo*, *Atty. Christopher Rogers,* Frost, Brown, Todd LLC., Union Trust Building, Suite 801, 501 Grant Street, Pittsburgh, Pennsylvania 15219, for Defendant-Appellant.

.

Dated:
September 30, 2020

**Donofrio, J.**

{¶1}    Defendant-appellant, Ascent Resources – Utica, LLC, appeals the Jefferson County Common Pleas Court judgment overruling its motion to stay proceedings pending arbitration.

{¶2}    Plaintiffs-appellees: Michael French; Karen French; Thomas Sutherland; Cynthia Sutherland; John Sutherland, trustee of The Sutherland Family Revocable Trust; and Lloyd and Mary Ann Boyd, trustees of the Lloyd and Mary Ann Boyd Irrevocable Trust, all hold an interest in a 175.7 acre farm in Smithfield Township, Ohio (the Sutherland Farm).  In three different leases, appellees leased the Sutherland Farm's oil and gas rights to Mason Dixon Energy, Inc. (Mason Dixon).  The Sutherlands and the Boyd's leased their interests on June 6, 2007.  The Frenches leased their interest on July 11, 2007.  All three leases were set to expire five years from the date the leases were entered into.  All three leases also contained a provision that the leases' terms could be extended if oil and gas was being produced.

{¶3}    Mason Dixon subsequently assigned its interest in the three Sutherland Farm leases to Hess Ohio Resources, LLC (Hess).  On July 3, 2014, Hess and appellees agreed on addendums to all of the original leases.  The addendums extended the terms of the original leases with the Sutherlands' and the Boyds' leases set to expire on June 6, 2017 and the Frenches' lease set to expire on July 11, 2017.

{¶4}    The addendums added two other provisions to the leases relevant to this appeal.  The first provision is entitled "Commencement of Operations" and states:

> Commencement of operations shall be defined as Lessee having secured a drilling permit from the State and further entering upon the herein described premises with equipment necessary to build any access road(s) for drilling of a well subsequently followed by a drilling rig for the spudding of the well to be drilled, and the commencement and completion of the drilling of a well.

(Complaint Ex. 14).

**{¶5}** The second provision is entitled "Arbitration" and states:

Any questions concerning this lease or performance there under shall be ascertained and determined by three disinterested arbitrators, one thereof to be appointed by Lessor, one by the Lessee and third by the two so appointed as aforesaid and the award of such collective group shall be final and conclusive. Arbitration proceedings hereunder shall be conducted at the county seat or the county where the Lease is filed or the action occurred which is cause for the arbitration, or such other place as the parties to such arbitration shall all mutually agree upon. Each party will pay its own arbitrator and share costs of the third arbitrator equally.

(Complaint Ex. 14).

**{¶6}** On July 20, 2015, Hess assigned its interests in the Sutherland Farm leases to appellant. On April 12, 2017, appellant received the necessary permits to drill wells on the Sutherland Farm. But no oil and gas development has occurred on the Sutherland Farm.

**{¶7}** On July 27, 2018, appellees filed this action asserting two causes of action: declaratory judgment that the leases expired and slander of title. Appellees' declaratory judgment claim was based on the fact that as of July 11, 2017, no oil and gas development had taken place on the Sutherland Farm. Therefore, appellees argued that their respective leases terminated because the Commencement of Operations provision had not been satisfied before the leases expired. Appellees' slander of title claim alleged that appellant filed two documents with the Jefferson County Recorder in 2018 claiming it owned a leasehold interest in the Sutherland Farm. As appellant's two documents were filed after appellees claimed the leases expired, appellees argued that these documents slandered their respective titles to the Sutherland Farm.

**{¶8}** On August 28, 2018, appellant filed its answer and a counterclaim. Appellant's answer asserted arbitration as an affirmative defense. Appellant's

counterclaim set forth a sole cause of action for declaratory judgment that the leases had not expired.

{¶9} After the parties completed limited discovery, appellant filed a motion to stay proceedings pending arbitration. Appellant argued appellees' claims were issues concerning the leases or performance under the leases and, therefore, the Arbitration provision required appellees' claims to be submitted to arbitration.

{¶10} Appellees filed an opposition to appellant's motion to stay raising two arguments. First, they argued that their claims were exempted from arbitration because they concerned the issue of title to the Sutherland Farm's mineral estate. Second, they argued appellant waived arbitration by filing a counterclaim invoking the trial court's jurisdiction and by waiting six months after appearing in this action to move to stay proceedings.

{¶11} On August 12, 2019, the trial court overruled appellant's motion to stay pending arbitration. The trial court held this action concerned title to real property and, therefore, was exempted from arbitration pursuant to R.C. 2711.01(B)(1). The trial court discussed waiver but ultimately held that the issue of waiver was moot.

{¶12} Appellant timely filed its notice of appeal on August 21, 2019. Appellant now raises one assignment of error.

{¶13} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN ITS AUGUST 12, 2019 ORDER OVERRULING DEFENDANT'S MOTION FOR AN ARBITRATION STAY.

{¶14} Appellant argues that because the arbitration provision in the leases require all issues regarding the leases or performance under the leases to be submitted to arbitration, the trial court should have stayed this action pending arbitration. It argues that appellees' claims concern performance under the leases because appellees' complaint alleges that appellant did not comply with the Commencement of Operations provisions of the leases.

{¶15} Generally, courts are to apply an abuse of discretion standard of review to a trial court's decision regarding a stay pending arbitration. *Carapellotti v. Breisch & Crowley*, 7th Dist. Jefferson No. 18 JE 0002, 2018-Ohio-3977, ¶ 16 citing *Featherstone*

*v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841 (9th Dist.). An abuse of discretion is more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶16}** But if the trial court denies a motion to stay pending arbitration on an issue of law, reviewing courts are to apply a de novo standard of review. *Villas di Tuscany Condominium Assn., Inc. v. Villas di Tuscany*, 7th Dist. Mahoning No. 12 MA 165, 2014-Ohio-776, ¶ 9. *See also Reynolds v. Crockett Homes, Inc.*, 7th Dist. Columbiana No. 08 CO 8, 2009-Ohio-1020, ¶ 11 (applying de novo standard of review to the issue of whether arbitration agreement was unconscionable); *Carapellotti* at ¶ 16 (applying de novo standard of review to the issue of whether there was a contract to arbitrate).

**{¶17}** There are two issues raised by the parties in this appeal: whether appellees' claims involve title to or possession of real estate and whether appellant waived its right to arbitrate. The first issue is whether the exception to mandatory arbitration in R.C. 2711.01(B)(1) applies to the oil and gas leases in this case. The facts in this case are undisputed and appellant argues that the trial court erroneously applied R.C. 2711.01(B)(1). This is an issue of law and, therefore, we will apply a de novo standard of review on this issue.

**{¶18}** Pursuant to R.C. 2711.01(B)(1), "controversies involving the title to or the possession of real estate" are exempted from mandatory arbitration. R.C. 2711.01(B)(1) should be "narrowly construed * * * to apply only where the arbitration agreement directly submits the ultimate question of title to or possession of the real estate" to arbitration. *Riggs v. Patriot Energy Partners, L.L.C.*, 7th Dist. Carroll No. 11 CA 877, 2014-Ohio-558 ¶ 18 quoting *Newark Trust Co. v. Abbott Laboratories*, 5th Dist. Licking No. CA-2821, 1982 WL 3020. While there are five exceptions to R.C. 2711.01(B)(1), the parties agree that none of them apply to this case.

**{¶19}** Appellees argue that an oil and gas lease is "'more than a mere license' because it create[s] a 'vested, though limited, estate in the lands for the purposes named in the lease.'" *Chesapeake Exploration, L.L.C. v. Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, ¶ 44 quoting *Harris v. Ohio Oil Co.*, 57 Ohio St. 118, 48 N.E. 502

(1897). Additionally, oil and gas leases create an interest in real estate. *Id.* at ¶ 49 citing R.C. 5301.09.

{¶20} This court addressed a very similar issue in *Riggs v. Patriot Energy Partners, L.L.C.*, 7th Dist. Carroll No. 11 CA 877, 2014-Ohio-558. In that case, the parties entered into oil and gas leases that contained a mandatory arbitration clause. The plaintiffs later filed a complaint asserting numerous claims including quiet title, rescission of the oil and gas leases, and slander of title. The defendant filed a motion to stay the proceedings pending arbitration which the trial court granted.

{¶21} The plaintiffs appealed arguing the trial court erred in ordering arbitration. They asserted their claims were not arbitrable because they involved title to or possession of real estate. *Id.* at ¶ 16.

{¶22} In considering this argument, this court noted that some matters are exempt from arbitration such as specific performance of a real estate purchase agreement, claims of foreclosure, and the appointment of a receiver with authority to take possession of real property. *Id.* at ¶ 19. But we went on to recognize that not every controversy concerning real property involves title to or possession of real estate. *Id.* at ¶ 20.

{¶23} Given this framework, we concluded that the majority of the plaintiffs' claims, including claims for rescission of the oil and gas leases and slander of title, "are all arbitrable claims under Ohio law as they do not directly submit the ultimate question of title to or possession of the real estate to arbitration[.]" *Id.* at ¶ 22. We did find that one claim, to quiet title, was exempt from arbitration because it was a controversy directly involving title to real estate. *Id.* at ¶ 23. Thus, we concluded that the trial court should have stayed the quiet title claim pending arbitration of the other claims, which it properly referred to arbitration. *Id.* at ¶ 27.

{¶24} In the case at bar, even though oil and gas leases create an interest in real estate, they are not issues concerning title to or possession of real estate. There is no dispute that appellees hold title to the Sutherland Farm. There is also no indication that appellees' title to or possession of the Sutherland Farm is at stake regardless of how this action is resolved.

{¶25}    The claims in appellees' complaint do not involve title to or possession of real estate.  Appellees' claim for declaratory judgment seeks to invalidate the oil and gas leases on the Sutherland Farm, similar to the rescission claim in *Riggs*.  While an oil and gas lease is a cloud on appellees' title, the leases at issue are not titles to the Sutherland Farm itself.  Appellees' other claim for slander of title, which was also a claim in *Riggs*, likewise is not a claim for possession of real estate.

{¶26}    The primary issue presented is whether appellant is permitted to use the Sutherland Farm for oil and gas development.  Because the oil and gas leases in this case do not grant appellant title to or possession of real property and only permit appellant to use the Sutherland Farm to produce oil and gas, the exception to mandatory arbitration under R.C. 2711.01(B)(1) does not apply.  Therefore, the trial court's judgment on this issue was error and the matter is subject to arbitration.

{¶27}    The second issue is whether appellant waived its right to arbitrate.  Appellees' opposition to the motion to stay argued that appellant waived its right to arbitrate by filing a delayed motion to stay pending arbitration and by filing a counterclaim.  The trial court's August 12, 2019 judgment entry rendered the waiver issue moot.  Because the trial court did not rule on the waiver issue, it is not properly before us now.

{¶28}    Accordingly, appellant's sole assignment of error has merit and is sustained.

{¶29}    For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded.  On remand, the trial court is to address whether appellant waived its right to arbitrate and, if it did not waive the right to arbitrate, the court shall sustain the motion to stay pending arbitration.

Waite, P. J., concurs.
D'Apolito, J., concurs.

Case No. 19 JE 0015

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is reversed. We hereby remand this matter to the trial court to address whether appellant waived arbitration. If the trial court determines appellant did not waive the rights to arbitrate, it shall stay the matter pending arbitration. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**