[Cite as *French v. Ascent Resources-Utica, L.L.C.*, 2020-Ohio-6828.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

MICHAEL FRENCH ET AL.,

Plaintiffs-Appellees,

v.

ASCENT RESOURCES – UTICA, LLC.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 JE 0015**

---

Motion for Reconsideration

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Joshua O'Farrell* and *Atty. Jude Streb,* Buckingham, Doolittle & Burroughs, LLC, 4277 Munson Street, NW, Canton, Ohio 44735-5548, for Plaintiffs-Appellees, and

*Atty. Kevin Colosimo, Atty. Christopher Rogers, Atty. Daniel Craig*, Frost Brown Todd LLC, Union Trust Building, 501 Grant Street, Suite 801, Pittsburgh, PA 15219 for Defendant-Appellant.

Dated:

December 22, 2020

**PER CURIAM.**

**{¶1}** Plaintiffs-appellees, Michael French, Karen French, Thomas Sutherland, Cynthia Sutherland, John Sutherland, trustee of The Sutherland Family Revocable Trust, and Lloyd and Mary Ann Boyd, trustees of the Lloyd and Mary Ann Boyd Irrevocable Trust, have filed an application for reconsideration asking this court to reconsider our decision and judgment entry in which we reversed and remanded the judgment of the Jefferson County Common Pleas Court. See *French v. Ascent Resources - Utica, LLC*, 7th Dist. Jefferson No. 19 JE 0015, 2020-Ohio-4719. Alternatively, appellees have included an application for en banc consideration.

**{¶2}** App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶3}** A motion for reconsideration must be filed within ten days of the judgment. App.R. 26(A)(1)(a). Our judgment in this case was filed on September 30, 2020. Appellees filed their motion on October 9, 2020. Thus, their motion is timely.

**{¶4}** In our opinion, we found that the exception to mandatory arbitration under R.C. 2711.01(B)(1) did not apply to the oil and gas lease provisions and the matter was subject to arbitration. *French*, 2020-Ohio-4719, ¶ 26. In so finding, we determined that

Case No. 19 JE 0015

in this case even though oil and gas leases create an interest in real estate, they are not issues concerning title to or possession of real estate. *Id.* at ¶ 24.

**{¶5}** Appellees assert we should reconsider our judgment alleging our decision is in conflict with *Chesapeake Expl., L.L.C. v. Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, and *Browne v. Artex Oil Co.*, 158 Ohio St.3d 398, 2019-Ohio-4809, 144 N.E.3d 378. In *Buell*, the Court found that a recorded oil and gas lease created an interest in real estate. *Id.* at ¶ 49. In *Browne*, the Court cited *Buell* noting that if the conditions of an oil and gas lease are not met, the lease terminates by its express terms and the mineral estate revests in the lessor. *Browne*, at ¶ 77. They argue that the declaration they seek affects title to and possession of the mineral estate and, therefore, is not subject to arbitration.

**{¶6}** But appellees are simply re-hashing the same argument they made in their appeal. On appeal, appellees argued that an oil and gas lease is more than a license because it creates a vested estate in the lands for the purposes named in the lease. They further argued that an oil and gas leases creates an interest in real estate. They relied on *Buell* in support of their arguments. *French*, 2020-Ohio-4719, at ¶ 19. This court considered and rejected appellees' argument. *Id.* at ¶ 20-25. Thus, appellees have not called to our attention an obvious error nor have they raised an issue for our consideration that was either not at all or was not fully considered by us when it should have been. Therefore, we must deny their application for reconsideration.

**{¶7}** Alternatively, appellees ask this court for consideration en banc. They assert this case created an intra-district conflict.

**{¶8}** App.R. 26(A)(2) governs application for en banc consideration. Pursuant to the rule, if a court of appeals determines that two or more of its decisions are in conflict, it may order that an appeal or other proceeding be considered en banc. App.R. 26(A)(2)(a). Intra-district conflicts can arise when different panels of judges hear the same issue, but reach different results. *Gentile v. Turkoly*, 7th Dist. Mahoning No. 16 MA 0071, 2017-Ohio-2958, ¶ 2, citing *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 15. "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed."

Case No. 19 JE 0015

App.R. 26(A)(2)(a).   The burden is on the party requesting en banc consideration to "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary."  App.R. 26(A)(2)(b).

{¶9}   Appellees have failed to identify a dispositive issue requiring en banc consideration.  As discussed above, the issue in this case involved the arbitrability of an oil and gas lease provision.  This was not at issue in any of the cases appellees refer to.  Therefore, we must deny appellees' application for en banc consideration.

{¶10}   For the reasons stated, appellees' application for reconsideration is hereby denied.  Likewise, their application for en banc consideration is denied.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 19 JE 0015</u>